RICHARD HISCOCK et al., Appellants, v. LUCY M. HARRIS et al., Respondents.

An award, to be valid, must be within the submission, certain to a common intent and final.

The parties being tenants in common of certain lands, and entitled, as next of kin, to certain personal property, consisting of farming stock, money and government bonds, made a submission to arbitrators of "all questions and matters" as to their respective shares and claims, agreeing that the arbitrators "shall partition the real estate and appraise and divide the personal property" between them. The parties bound themselves mutually to "keep and observe the award made." The award partitioned the real estate and awarded that the plaintiffs "shall receive for their share of the personal property, * * * *to be by us partitioned to them,* the amount of $3,000," and the defendants the remainder. Plaintiffs demanded of defendants, who were in possession of the property, the sum of $3,000 of the property, which they refused to pay or deliver. In an action upon the award, *held,* that in respect to the personalty, it was not a certain and final adjudication, and so was void; that, while it was not necessary for the arbitrators to incorporate in their award the particulars of their appraisal, or that it should show that this preliminary step to a division was taken, and it was to be presumed that the appraisal was made, yet, that the award made no division of the property within the meaning of the submission, but reserved to the arbitrators the right thereafter to designate and set apart the particular articles, amounting, in the aggregate, to the sum named.

(Argued May 27, 1878; decided June 11, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, reversing a judgment in favor of plaintiffs, entered upon the report of a referee and granting a new trial.

This action was brought upon an award of arbitrators. The facts appear sufficiently in the opinion.

*Hiscock, Gifford & Doheny,* for appellants. The award was within the submission, and valid on the face of the papers; there was no uncertainty as to that part characterized as the money part. (*Nichols* v. *S. C. M. Ins. Co.,* 22 Wend., 125–131; *Burnside* v. *Whitney,* 21 N. Y., 148;

*Rogers* v. *Van Deusen*, 5 Wend., 268; *Case* v. *Ferris*, 2 Hill, 75; *Pollock's Adm'r* v. *Sutherlin*, 25 Grattan, 78; *Thomas* v. *West Jersey Railroad Company*, 24 New York Reports, 567, 569, 570; *South's Administrator* v. *South*, 70 Pennsylvania Reports, 195.) The portion of the award dividing the water was clearly within that part of the submission authorizing the partition of the real estate with which such water was connected. (*Hills* v. *Day*, 14 Wend., 204; *Morill* v. *Morill*, 5 New Hampshire, 134; *Warren* v. *Baynes*, 2 Blunt's Amb., 589; *Smith* v. *Smith*, 10 Paige's Chancery, 470; *Nichols* v. *R. G. M. Insurance Company*, , 22 Wend. Reports, 125, 129 ; *Smith* v. *Sweeny*, 35 New York Reports, 295; *Bacon et al.* v. *Wilbur*, 1 Cow., 117; *Nostrand* v. *Durland*, 21 Barb., 478; *Jackson ex dem.* v. *Halstead*, 5 Cow., 216.) There was no such question of title to real estate estate involved as was prohibited from arbitration. (*Davy's Ex'rs* v. *Faw*, 7 Cranch, 171; *Jackson* v. *Gage*, 5 Cow., 383; *Carson* v. *Carlwine*, 14 Ind., 256; *Byrd* v. *Odeen*, 9 Ala., 755; *Snodgrass* v. *Smith*, 13 Ind., 393; *Proprietors of Fryeburg Canal* v. *Frye*, 5 Maine (Greenleaf), 38; *Mitchell* v. *Bush*, 7 Cow., 185; *Weston* v. *Stewart*, 11 Maine (2 Fairf.), 326; *French* v. *Richardson*, 5 Cush., 450; *Burnside* v. *Whitney*, 21 New York Reports, 148.)

*O. Porter*, for respondents. The award was void, because the arbitrators neglected to perform the contract of the parties, as submitted to said arbitrators. (*The Mayor of New York* v. *Butler*, 1 Barbour Reports, 325; *Wright* v. *Wright*, 5 Cowan's Reports, 197; *Moore* v. *Cockcroft*, 4 Duer, 133; *Jackson* v. *Ambler*, 14 Johns. Reports, 96–106; *Ott* v. *Schroeppel*, 7 Barbour's Reports, 431 ; *Allen* v. *Galpin*, 9 id., 246; *Witcher* v. *Witcher*, 6 American Reports, 486; 30 Maine, 217–219.) The award was void as to the real estate partitioned. (3 Revised Statutes, 855, § 2 ; 2 id., 134, 135, § 6; *Wiles* v. *Peck*, 26 New York Reports, 42; *Olcott* v. *Wood*, 4 Kern. Reports, 32; 15 Barbour's Reports,

644 ; 4 Sandford's Chancery, 72–88 ; *Little* v. *Denn*, 34 N. Y., 452; *Mitchell* v. *Burt*, 7 Cow., 185; *Arnold* v. *H. R. R. Co.*, 55 N. Y., 661.) The award was void because matters were considered which were not submitted. (*Curtis* v. *Gokey*, 5 Hun, 555; *People ex rel. Wasson* v. *Schuyler*, 4 W'kly Dig., 570; *In the Matter of Williams*, 4 Denio, 194; *Cook* v. *Carpenter*, 34 Vt. (5 Shaw), 121; *Black* v. *Hickey*, 48 Maine, 545; *Butler* v. *Mayor N. Y.*, 7 Hill, 329; 17 N. H., 479; 2 Cow., 638; 4 Denio, 194, 195.) The award was void because the arbitrators neglected to pass upon the matters submitted to them. (*Wright* v. *Wright*, 5 Cow., 197; *Moore* v. *Cockcroft*, 4 Duer, 133; *Jackson* v. *Ambler*, 14 John., 96–106; *Ott* v. *Schroeppel*, 7 Barb., 431; *Allen* v. *Galpin*, 9 id., 246; *Whitcher* v. *Whitcher*, 6 American R., 486.) The award, to be valid, must be final. (*Purdy* v. *Delevan*, 1 Caines, 304; *Cox* v. *Jagger*, 2 Cow., 638; *Spofford* v. *Spofford*, 10 N. H., 254; *Wait* v. *Barry*, 12 Wend., 377; *In re Williams*, 4 Denio, 194· *Colcord* v. *Fletcher*, 50 Maine, 398; *Paine* v. *Paine*, 16 Gray, 299; *Krasthrus* v. *Faver*, 1 Pet., 222.) The award was void for uncertainty. (*Butler* v. *Mayer*, 1 Hill, 489; *Perkins* v. *Giles*, 53 Barb., 349; *Hollinworth* v. *Pickering*, 24 Indiana Reports, 435.)

Andrews, J. The parties to the submission of September 22, 1873, with the exception of Richard Hiscock, were tenants in common of certain lands formerly owned by Cyrus Harris, and afterwards conveyed to Cyrus H. Harris, and were entitled as their next of kin to the personal property left by them at their decease. The plaintiffs held an undivided third part and interest in the property, and the defendants the remaining two-thirds.

The real estate consisted of a farm of about 255 acres, which in 1838 was conveyed by Cyrus Harris to his son Cyrus H. Harris by deed which was claimed to be void. The personal property consisted of stock, farming implements, and other articles on the farm, at the death of Cyrus H. Harris,

in 1872, and while the evidence upon the subject is indefinite, it may be inferred that he was also possessed at his death of some money and government bonds, but the amount or value is not shown. Cyrus Harris died many years before the date of the submission, and it does not appear whether he left any personal estate. He left no real estate, unless the deed to his son was void and did not operate to divest him of the title to the farm. Cyrus H. used and occupied the farm from 1838 until his death, his sisters, the defendants, living with him. After his death, they remained on the farm and in possession of the personal estate left by Cyrus H., until the spring of 1873, when they leased their interest in the farm and the personal property thereon to one of the plaintiffs, retaining the possession of the other personal property of their brother. Both Cyrus Harris and Cyrus H. Harris died intestate, the latter without wife or issue. Cynthia A., daughter of Cyrus Harris, who died in 1862, was the wife of the plaintiff, Richard Hiscock, and the mother and grandmother of the other plaintiffs. The relative interests of the plaintiffs and defendants in the property was the same, whether they inherited from Cyrus or Cyrus H. Harris.

This was the general situation of the parties and property, when the submission was made. The submission recites that the parties are heirs of Cyrus Harris and Cyrus H. Harris, or are interested in the real and personal estate of which one or both of them died seized or possessed, and they submit to the arbitrators all questions and matters as to their respective shares in and claims against the said estates, and agree that the arbitrators "shall partition the real estate, and appraise and divide the personal property between the said Lucy M. Harris and Naomi S. Harris of the one part, and the said Hiscocks of the other part, according to the equitable rights and claims of the said two parties in and against the said estates and property respectively."

The award, dated November 10, 1873, partitions the real estate between the plaintiffs on the one side and the defend-

ants on the other, and describes the portions set off to each. In making such partition it gives to the plaintiffs a certain easement or privilege in the water of a spring on the land allotted to the defendants, which raises one of the questions in the case, but which will not be considered, as it is not necessary to decide it in view of the conclusion we have reached on another point. The award makes provision for the surrender of the lease executed by the defendants, and in respect to the personal property it awards as follows: " And it is further awarded that the Hiscock family (naming the plaintiffs) shall receive for their share of the personal property belonging to the said Cyrus Harris, or the said Cyrus H. Harris, *to be by us partitioned to them*, the amount of $3,000, and the said Lucy M. and Naomi S. (the defendants) the remainder. And we the said arbitrators, award and partition all the balance and remainder of all the personal property of which the said Cyrus Harris or the said Cyrus H. Harris died possessed, to the said Lucy M. Harris and Naomi S. Harris." The parties to the submission mutually bound themselves therein to keep and observe the award made thereunder. After the award was made and before the commencement of this action, the plaintiffs requested the defendants to deliver to them the sum of $3,000 upon or by virtue of the award, and the referee finds that the defendants " refused to perform the award or to allow the plaintiffs to receive the sum of $3,000 of the said property, and although the same was demanded, they refused and neglected to deliver the same and claimed the right to hold the same, and have by such refusal and demand become liable to the plaintiffs for the said $3,000."

The defendants insist that the award in respect to the personal property is void, in that it is not a certain and final adjudication and determination of the rights of the parties therein. The general principles governing courts in determining the validity of awards are well understood. The presumptions and intendments of the law are in favor of their validity, and they are upheld, unless it affirmatively appears, either upon the

face of the award or by extrinsic evidence that the arbitrators exceeded their authority or failed to execute the powers conferred or to determine the questions submitted to them. Awards are not treated as strictly as formerly, and they are interpreted in a fair and liberal spirit for the purpose of sustaining them, and if they are fairly susceptible of two interpretations, that one will be adopted which will render them valid.

It frequently happens that arbitrators are persons not skilled in the law, and if technical precision and accuracy was required in framing their awards, many awards would be ineffectual. But there are certain fundamental requisites and properties which awards must possess without which they are void. Among other things they must be within the submission, certain to a common intent, and final. (*Purdy* v. *Delavan*, 1 Caines, 304; *Jackson* v. *Ambler*, 14 John. Reports, 96; *Cox* v. *Jagger*, 2 Cowan's Reports, 638; *Wright* v. *Wright*, 5 id., 197; *Buller* v. *The Mayor, etc.*, 7 Hill, 329; *Archer* v. *Williamson*, 2 Harris & Gill's Rep., 62.) They must be within the submission, because to no other subjects or questions, than those embraced therein, does their authority extend; they must be certain that the parties may know their respective rights and obligations; they must be final that they may not be remitted to a new controversy. Having in view these general principles, we are to determine whether the award in question, so far as it relates to the personal estate, was an execution of the power conferred upon the arbitrators to " appraise and divide the personal property " between the parties according to their equitable rights and interests, and whether it possesses the fundamental requisites of completeness and finality.

The objection to the award, on the ground that it does not appear therein that the arbitrators appraised the personal property, is not tenable. The appraisal of the property was a necessary incident to a division, and it is not conceivable how the property could be divided according to the respect-

ive rights and interests of the parties without a valuation of the separate articles. But the submission does not require, nor was it necessary, we think, for the arbitrators to incorporate in their award the particulars of their appraisal, or that it should show affirmatively that this preliminary step to a division was taken. (*Backus* v. *Fobes*, 20 New York Reports, 204; *In re Keene*, Exch., April 16, 1847, cited in Russell on Arbitration, 252.) In the absence of proof the presumption applies, that the arbitrators appraised the property.

But it is, we think, an insurmountable objection to the award, that it makes no division of the property within the meaning of the submission. The arbitrators declare that the plaintiffs should receive "for their share of personal property, to be by us partioned to them, the amount of $3,000," and the defendants the remainder. The construction put upon this clause by the counsel for the plaintiffs is, that it awards to the plaintiffs, out of an estate consisting in part of money, and in part of goods and chattels, $3,000 of the money as their share, and the balance of the property to the defendants; and he insists that it must be presumed that there was sufficient money belonging to the estate of Cyrus or Cyrus H. Harris, to justify such an award. We do not question the powers of arbitrators, appointed to divide an estate, consisting of money securities and chattels, to allot to one party his share wholly out of the money belonging to the estate, and the share of another wholly out of the chattels or other property. But we think the construction of the award claimed by the plaintiffs is inadmissible. The meaning of the award, as we construe it, is, that the plaintiffs shall receive property to the amount or value of $3,000 out of the personal property, reserving to the arbitrators the right thereafter to designate and set apart the particular articles, amounting in the aggregate to that value, which the plaintiffs shall receive upon and in satisfaction of their share in the estate.

We perceive no intelligible meaning to the words, "to be

by us, the arbitrators, partitioned to them," unless this mean-
ing was intended.   This clause cannot be regarded as in the
the nature of a recital.   The award commences with a
reference to the submission as the authority under which
the arbitrators were acting.   They do not award to
the plaintiffs $3,000, but a *share* of the property to the
*amount* of $3,000, " to be by us partioned to them ; " *i. e.*,
set apart to them out of the mass, and " all the balance and
remainder " they award to the defendants.

It is to be observed that no duty is imposed upon the
defendants by the terms of the award.   They are not required
to pay the money, or deliver the property, or any portion of
it, to the plaintiffs.   There is no enumeration or identifica-
tion in the award of the property divided.   The lack of
certainty and explicitness in the award in these respects con-
firms the construction that the arbitrators did not intend to
make a final and complete division of the property, but intended
to reserve the right to designate, at a future time, the specific
property to be allot.ed to the respective parties.   The only
matter finally determined was that the plaintiffs should
receive, out of the personal estate, property of the value of
$3,000, and the defendants the remainder ;  but whether one
party should take the money and the other the goods or
chattels, and how the specific articles should be apportioned,
was to depend upon the future determination of the arbi-
trators.

It is fairly inferable from the evidence that there was not
$3,000 in money, or its equivalent, belonging to the estate,
and the arbitrators, in making a second award not now in
question, acted upon the assumption that their duty in respect
to the division of the property was not terminated by the
first award.   It is plain that construing the award as we do,
it was not final.   The reservation to the arbitrators, of a
power over the thing submitted, shows the award not to be
final, and with this fundamental defect in the award in this
case we must pronounce it void.   The award, in its general
features, seems to be just, but parties have a right to insist

upon any legal objection, and the objection we have considered must, we think, prevail.

The order of the General Term is affirmed, and judgment absolute rendered against the plaintiffs, with costs.

All concur.

Order affirmed, and judgment accordingly.