In the Matter of the Arbitration of CHARLES F. BEACH, Jr., Appellant, *v.* SIMON STERNE, Respondent.

*Arbitration under the Code of Civil Procedure — opinion of an arbitrator distinguished from an award.*

A paper written by an arbitrator, in an arbitration under title 8 of chapter 17 of the Code of Civil Procedure, after the submission of the controversy for his decision, which is, in matter and form, an opinion and understood by all parties to be intended as an opinion only, and which, although signed by the arbitrator, is not authenticated as required by section 2372 of the Code of Civil Procedure, so that judgment can be entered upon it, is not to be deemed a formal award, so that its delivery to one of the parties will deprive the arbitrator of power to thereafter make an award in due form.

Appeal by the plaintiff, Charles F. Beach, Jr., from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 2d day of November, 1892, upon an order of the Special Term confirming an award in favor of the defendant and ordering judgment thereon.

May 27, 1892, the parties entered into an arbitration pursuant to title 8 of chapter 17 of the Code of Civil Procedure. The arbitrator took the evidence and heard the arguments offered in behalf of the litigants. Afterwards and on the 19th of July, 1892, he wrote the attorneys for the parties suggesting " that it might be advisable simply to decide it (the controversy) in favor of one party as against the other without giving any reasons, findings, or indulging in any comments. \* \* \* If both parties insist upon it, I shall give my views in writing upon the various issues." The attorney for Mr. Sterne replied : " I shall be entirely satisfied to have the case of *Beach* v. *Sterne* decided without opinion." The counsel for Mr. Beach wrote : " I cannot feel that it would be just to my client, whether the decision is in his favor or against him, if he does not receive from you a full statement of your view of the case, your conclusions as to the facts, and the reasons which have led to your final determination."

August third, the arbitrator wrote the attorney for Mr. Beach that he had been out of the city for three or four days, and also stated : " Prior to my departure I dictated an opinion in the matter of *Beach* v. *Sterne*, deciding adversely to your client." On the same day Mr. Beach's attorney replied, stating, among other things,

" I have just received your note of to-day ;   *   *   *   at the same time I cannot help feeling that Beach is entitled to the opinion which I felt it my duty to ask you to give.   Will you kindly have your stenographer make a copy of it and inclose it to him (Beach) at his office in the Mills' Building ? "   On the same day the arbitrator delivered a document to the appellant, which he acknowledged under the date of August eighth as follows :

" I have received copy of your opinion, dated August 3, 1892, in the above entitled matter.   Mr. Turner, who went away on his vacation before the opinion reached us, and who will be absent until about the first of September, asked me to write you for him when the opinion came to hand, acknowledging its receipt, and requesting you to do him the favor to reserve, until his return, our right to ask for a reargument.   We shall, if Mr. Turner, upon consideration, determines that it is proper, make such a motion as soon after he gets back as it is possible to prepare the papers."

The document concluded as follows : " As a result, the Arbitrator decides that Mr. Beach has no claim upon Mr. Sterne, and that the amount stipulated as being due should be paid by Mr. Beach to Mr. Sterne."   This document was signed by the arbitrator, but not acknowledged.

September 3, 1892, the arbitrator signed, sealed and duly acknowledged an award as required by section 2372 of the Code.   Afterwards the attorneys for Mr. Sterne moved, on notice at Special Term, for an order confirming the award.   Mr. Beach, upon an affidavit made by himself setting forth substantially the foregoing facts, opposed the confirmation upon the ground that the powers of the arbitrator ceased upon the delivery of the document, dated August 3, 1892.   The award was confirmed at Special Term and a judgment ordered.

*Herbert B. Turner*, for the appellant.

*E. Ellery Anderson*, for the respondent.

FOLLETT, J. :

The rule is well settled that when an arbitrator has delivered his award his power is at an end.   (*Flannery* v. *Sahagian*, 134 N. Y., 85.)   The document of August third, signed by the arbitrator, discusses the question of fact involved in the litigation

upon the decision of which the rights of the parties turned.   It is, in matter and form, an opinion and differs as widely from an award as a judicial opinion does from a formal decision, which is the basis of the judgment to be entered.   And it is apparent, from the correspondence between the arbitrator, the attorneys for the parties and Mr. Beach, that all of them understood that it was intended as an opinion.   They all speak of it as such, and it was at the request of Mr. Beach and his attorney that a written opinion on the merits was delivered.   The opinion was not authenticated in the mode required by section 2372 of the Code, so that a judgment, as provided for in the submission, could be entered upon it.   The arbitrator, at the request of the appellant, delayed further action until after the first of September, when his attorney would return to the city and under such circumstances he should not be heard to say that the opinion was a formal award and that the arbitrator was without power to make one in accordance with the statutes.   Had the document of August third been intended by the arbitrator to be a final award and delivered to the parties or their attorneys and accepted by them as such, the position of the appellant would be tenable. But it was not so intended by the arbitrator or so understood by counsel, and the judgment entered pursuant to the order of the Special Term should be affirmed, with costs.

Van Brunt, P. J., and O'Brien, J., concurred.

Judgment affirmed, with costs.