In the Matter of the Arbitration between THE ASSOCIATED CORSET AND BRASSIERE MANUFACTURERS OF NEW YORK, INC., etc., Petitioner, and THE CORSET AND BRASSIERE WORKERS OF NEW YORK, LOCAL 32, Respondent.

Supreme Court, Special Term, New York County, October 18, 1939.

*Conrad & Greif,* for the petitioner.
*Elias Lieberman,* for the respondent.

MILLER, J. The award of the arbitrator was void in that he failed to pass on all the matters submitted to him for determination and there was no consent to a partial award. (*Hiscock* v. *Harris*, 74 N. Y. 108; *Jones* v. *Welwood*, 71 id. 208; 10 Carmody's New York Practice, § 1198.) Having made the award, the authority of the arbitrator terminated and no further award may be made by him. (*Flannery* v. *Sahagian*, 134 N. Y. 85; *Herbst* v. *Hagenaers*, 137 id. 290; 10 Carmody, *supra*, § 1195.) The case of *Beach* v. *Sterne* (22 N. Y. Supp. 330), relied upon by the respondent for the proposition that the arbitrator's decision was merely an opinion and not an award, is clearly distinguishable. There, the written opinion of the arbitrator was not authenticated or acknowledged as required by statute in the case of an award, nor was it filed in court as was the decision of the arbitrator in the instant controversy. Furthermore, in the cited case the court found that the opinion of the arbitrator was not intended as an award or so understood by counsel and that further action had been delayed by the arbitrator at the request of the very party who thereafter contended that the opinion was a formal award. In the case at bar the award, acknowledged by the arbitrator and filed with the county clerk, was obviously intended as an award in regard to the first of the two questions submitted to the arbitrator. The motion to vacate is accordingly granted, and a rehearing directed before the same arbitrator. (See next to last paragraph of Civ. Prac. Act, § 1462; see, also, *Matter of Schwartz Silk Co., Inc.* [*Granowitz*], 224 App. Div. 705.)

Settle order.