William C. Hecht, Jr., J.
The motion to confirm the award is denied. Neither the paper dated August 20, 1948, nor the one dated October 18, 1948, both subscribed by the arbitrator, is acknowledged as required by section 1460 of the Civil Practice Act. That section requires an award to be “ acknowledged or proved, and certified, in like manner as a deed to be recorded ”. The documents signed by the arbitrator are merely sworn to before a notary as if they were affidavits and they are not acknowledged in the manner required of deeds for recording-purposes (see 1 Carmody, New York Practice [2d ed.], pp. 428-429; 1 Abbott, Practice and Forms, p. 1 et seq.; Real Property Law, §§ 291, 303).
*128 The first point made by respondent in support of the cross motion to vacate the award is that the award does not comply with section 1460 of the Civil Practice Act. The consequence of the failure to acknowledge the award is that it may not be confirmed and enforced under the provisions of the Civil Practice Act. The section of the act dealing with the vacatur of awards does not, however, specifically mention as a ground for vacatur the failure to acknowledge the award.
The respondent’s second point is that by reason of the fact that the arbitrator made an award on August 20, 1948 he had exhausted his powers and his later award of October 18, 1948, was beyond his authority. There are several answers to this contention. In the first place, the document dated August 20, 1948, might well be regarded as merely an opinion rather than a definitive award (see Matter of Beach v. Sterne, 67 Hun 341, affd. 143 N. Y. 634). In the second place, the arbitration was held pursuant to an agreement, by the terms of which the same arbitrator was to arbitrate all questions arising between the parties. He was not merely an arbitrator for the specific controversy as to whether the employee had been properly discharged. Assuming that the document of August 20, 1948 decided that controversy, there was nothing to prevent the union from thereafter submitting to the arbitrator the question of what back pay or damages, if any, the employee was entitled to receive by reason of the fact that she was discharged summarily instead of being discharged only after arbitration. In other words, the arbitrator was a continuing arbitrator to determine all disputes. In the third place, the respondent did not upon receipt of the so-called award of August 20 take the position that the arbitrator had exceeded his powers. Instead of refusing to participate in a further submission before the arbitrator on the question of the amount of back pay due the employee, the respondent submitted its records to the arbitrator for the purpose of enabling him to make a further award (see second paragraph on page 6 of affidavit submitted by respondent).
Respondent also makes a point that the damages awarded to the employee by the arbitrator were excessive, but this is something which courts cannot redress, even if respondent be correct. An arbitrator is the sole judge of the facts and the law (Matter of Pine St. Realty Co. v. Coutroulos, 233 App. Div. 404, 407).
The contention is also made that the damages awarded the employee are in the nature of a penalty, but here again the court is powerless to interfere.
*129 There is, however, one point made by respondent which requires vacatur of the award. The employee was discharged on February 9,1948. Arbitration hearings were held on February 27,1948 and concluded March 3,1948. All that the employee was entitled to under the arbitrator’s award was the amount she would have earned had her discharge, which he held rightful, awaited his decision to that effect instead of having been made summarily. Although the employee’s contract of employment expired on July 18,1948, the arbitrator, for no apparent reason, did not render his decision that the employee should not have been discharged summarily until August 20, 1948. The arbitrator thus waited from March 3,1948, when the hearings were concluded, until after the contract of employment expired and then awarded the rightfully discharged employee back pay of $1,749.62 for the entire period from February 9, 1948 to the expiration date of the contract on July 18,1948. In other words, the award of back pay was for a period of five months and one week, of which almost four and one-half months represented the period during which the arbitrator delayed his decision. The decision that the employer was justified in discharging the employee was a Pyrrhic victory, for the employee received as large a recovery as if she had been held wrongfully discharged.
Paragraph 55 of the “ Collective Labor Agreement ” provides that disputes shall be “ promptly settled, adjusted and disposed of by submitting same to an arbitrator to be promptly heard and determined by him”. Subdivision 3 of section 1462 of the Civil Practice Act authorizes vacatur of an award where the arbitrators have been guilty of misconduct in refusing to postpone a hearing or in refusing to hear pertinent and material evidence or where they have been guilty ‘£ of any other misbehavior by which the rights of any party have been prejudiced It seems to me that the failure of the arbitrator, as required by the agreement, to make a prompt determination of the controversy has prejudiced the rights of the respondent and that it is ££ misbehavior ” within the meaning of the statute. The word ££ misbehavior ”, as shown by the context, includes such acts as refusal to postpone a hearing or refusal to hear pertinent evidence, and does not imply corruption, partiality or other similar misconduct.
The cross motion to vacate is granted and the matter remitted to the arbitrator for a rehearing as to the amount of back pay, which should not go beyond the time when the arbitrator’s decision should have been made in compliance with the requirement of the contract that it be made promptly after the submission of the dispute to him.