John E. Cone, J.
Petitioner moves to confirm an award in arbitration. Respondent cross-moves to vacate the same on the ground that the arbitrator imperfectly executed the award so that a mutual, final and definite award was not made.
Petitioner and respondent entered into a collective bargaining agreement on December 24, 1959. On January 13, 1960 the parties entered into a .supplementary agreement which provided that the main agreement would be assigned within 18 months by the respondent to either Local 475, I. U. E., AFL-CIO, or to a new local union to be formed and chartered for the employees of the petitioner. The agreement provided for arbitration before the New York State Board of Mediation if the assignment failed to take place within 18 months. No assignment took place.
Arbitration was demanded and a hearing was held in which both the petitioner and the respondent participated. The arbitrator rendered an interim award on September 21, 1961 which provided that the union shall no later than 30 days from the date of the award comply with its obligation to assign the collective bargaining agreement to Local 475, I. U. E., AFL-CIO, or to a new local union to be formed and chartered for the employees of the company. It further provided that if by such date the union had failed to act, the arbitrator shall within seven days after notification of the failure, assign the agreement to either Local 475 or to a new local union to be formed and chartered by the union for the employees of the company.
*21 On October 23, 1961, petitioner notified the arbitrator that the union-had failed to act in accordance with the interim award. The arbitrator, in the absence of proof of any action by the union or consent by Local 475 to accept these employees, issued on October 29, 1961 the following award: “ The Collective Bargaining Agreement between the parties dated December 24, 1959 is hereby assigned to a new local union, which is to be forthwith formed and chartered for this purpose by the International Union of Electrical, Radio and Machine Workers, AFL-CIO, for the employees of Rotating Components, Inc.”
At the hearing before the arbitrator the union admitted its obligation to act in assigning the collective bargaining agreement to a local as specified but asserted as its reason for its failure to fulfill the obligation that it had not been able to work out the arrangements.
The award is within the express powers of the arbitrator to make. The supplementary agreement of the parties provides:
11 The arbitrator shall be limited in his authority to award that the contract be assigned either to Local 475, IUE-AFL-CIO or to a newly chartered local union of the IUE-AFL-CIO,” to be formed for the employees of the petitioner. Evidently, the arbitrator’s award did not exceed the limitations imposed upon him.
The objection as to finality of the award is without merit. It is clear and definite as to the parties directed. It is mutual (Hiscock v. Harris, 74 N. Y. 108). Nor does the award effect an improper interference with the internal affairs of the union (see Matter of De Caro, 261 App. Div. 975).
The motion is accordingly granted and the cross motion is denied.