### HART *vs.* SMALL.

Where a party seeks to set aside the proceedings of his adversary for an irregularity which is merely technical, he must make his application for that purpose the first opportunity.

If a solicitor, after notice of an irregularity, takes any step in the cause, or lies by and suffers his adversary to proceed therein under a belief that his proceedings are regular, the court will not interfere to correct the irregularity, if it is merely technical.

January 7,

By a mistake of the master, the time fixed by him for the service of the summons on the defendant to attend a reference was a few days short. But the defendant had notice in time to have enabled him to attend; so that the irregularity in the summons was merely technical. The defendant's so-

licitor made no objection; but neglected to appear before the master on the reference. And he suffered the complainant to go on before the master, and to obtain and file the master's report, under the belief that the summons was regular. And the complainant having entered an order, founded on the report of the master, requiring the defendant to put in a further answer, the defendant now applied to set aside the report, and subsequent proceedings, for the irregularity of the summons; although several motion terms had elapsed since its service.

*S. Stevens*, for the complainant.

*J. Williams*, for the defendant.

The CHANCELLOR, said there was a technical irregularity in the summons; and that if the defendant had been prejudiced by it, he must now have an opportunity to except to the report of the master, in the same manner as he might have done if he had appeared and argued the exceptions to the answer before the master. That if the defendant's only object was to set aside the proceedings on the ground of the technical irregularity, he should have applied to the court the first opportunity; or should have appeared before the master and made the objection, as soon as he had notice of the irregularity by the service of the summons. That the court would not encourage motions which were founded upon technical irregularities merely, and which could be of no substantial benefit to the parties. That if the solicitor, after notice of an irregularity, takes any step in the cause, or lies by and suffers his adversary to proceed therein under a belief that he is proceeding regularly, the court will not interfere to correct the irregularity if it is merely technical.