NEW-YORK PRACTICE REPORTS.     **41**

Keator agt. Ulster and Delaware Plank Road Co.

## SUPREME COURT.

KEATOR agt. THE ULSTER AND DELAWARE PLANK ROAD COMPANY.

THE SAME agt. LOCKWOOD.

The Code, § 270, provides that any issue, in any cause, may be *referred* upon the *written consent* of the parties. The 271st section authorizes the reference of certain specified issues.

The question is this, where counsel for both parties at the circuit agree orally to refer a cause not referable under § 271, and the court make the order and appoint the referee, who proceeds with the hearing, can either party set aside the reference, because a *written consent* was not obtained? *Held*, not, because the agreement of the parties in the presence of the court, waived a written consent and made the reference valid and binding. They openly waived the right to a trial in any other way; and the right having once gone it could not be recovered.

*Ulster Special Term, April* 1851. *Motion to vacate an order made at the Ulster Circuit, referring these causes to a sole referee.* The causes were noticed, and were upon the calendar for trial. They were referable only by consent of parties. It was proposed, and finally agreed to by the counsel for both parties, that they should be referred, and the referee was agreed upon. The counsel for the plaintiffs then, in the presence of the defendants' counsel, in open court, moved for the reference and the motion was granted.

The cause was noticed for hearing on the 2d day of April, at which time one of the defendants' attorneys appeared before the referee, and applied for an adjournment, and the hearing was accordingly postponed until the 15th of April. Upon that day, the defendants' attorneys served papers for this motion to set aside the order of reference, on the ground that it had not been entered upon the *written consent* of the parties.

T. R. WESTBROOK, *for Plaintiff.*

J. C. FORSYTH, *for Defendants.*

HARRIS, Justice.—The 270th section of the Code provides that any issue, in any cause, may be referred, upon the *written con-*

*sent* of the parties. Even then, before the issue is legally referred, the reference must be ordered, and the referee appointed by the court (*Code,* § 273; Litchfield agt. Burwell, 5 *Howard,* 341). The 271st section of the Code authorizes the reference of certain specified issues, without the consent of parties. The case in hand is not provided for by either of these sections. There was no written consent of the parties, and it was not referable under the 271st section. It is therefore insisted that the reference was unauthorized and void. Formerly, such a reference was held to work a discontinuance of the action, and an arbitration of the subject matter of the reference (Dederick's adm'rs vs. Richley, 19 *Wend.* 108; same case, 2 *Hill,* 271). In 1845, the authority of the court to refer causes " by the consent of all parties," was extended to all personal actions (*Sess. Laws of* 1845, *p.* 163). And now, by the Code, any action whatever may be referred, upon the written consent of the parties.

The question here is whether, the court having power to refer upon written consent, it is in the power of the parties themselves to waive such written consent, so as to make the reference valid without it. If it can be done at all, it will not be denied that it has been so waived in this case. The defendants' attorneys agreed to the reference, in open court, and, when the motion to refer was made, they, tacitly at least, gave their consent. After this they appeared before the referee, without objection to the validity or regularity of the reference, and applied for, and obtained an adjournment of the hearing. If, therefore, it is possible to waive the necessity of written consent, the defendants will not complain if they are held to be concluded by their own acts.

Nothing is better settled than that a party may waive a constitutional or statutory provision for his benefit. Such waiver, too, may be by parol. In Baker vs. Braman (6 *Hill,* 47), it was held that proceedings to lay out a private road, which otherwise would have been unconstitutional and void, were rendered valid by the parol consent of the owner of the land. In Lee vs. Tillotson (24 *Wend.* 337,) a cause had been referred which it was insisted the parties had a right, by the constitution, to have tried by a jury. The parties had consented to the reference, and

Keator agt. Ulster and Delaware Plank Road Co.

the court said " the consent itself is a waiver of the objection, even if the constitution stood in the way (see also The People vs. Murray, 5 *Hill*, 468; Embury vs. Conner, 3 *Comst.* 511). It is always competent for a party to waive his right to a trial according to the common law. Though entitled to have twelve jurors, he may consent to a less number, and afterwards can not object to the regularity of the trial. A referee is required by law to take a prescribed oath before entering upon his duty, and yet, it often happens that no such oath is taken. If the parties proceed with the reference without objection, they are held to have waived their right to object. Numerous instances, familiar to every lawyer of experience, might be mentioned in which parties are estopped by their mere acquiescence, from taking advantage of irregular and even illegal and unconstitutional proceedings. The agreement of parties, in the presence of the court, in respect to the proceedings in a pending suit, have always been held to be binding. It will, indeed, be a sad condition of things, when it shall be otherwise. Why should the case under consideration be made an exception from the principle applicable to all such cases? The constitution guaranteed to the owner of the land, in Baker vs. Braman, that it should not be taken for a private road. He consented that it might be thus taken, and having consented, he was not at liberty to recall his consent. The law secured to the defendants in these suits the right to a trial by jury. They appeared in court and openly waived that right. The right is gone and can not be recovered.

The motion must be denied with costs.