278          NEW-YORK PRACTICE REPORTS.

Whalen agt. The Board of Supervisors of Albany County.

## SUPREME COURT.

WHALEN, Appellant, agt. THE BOARD OF SUPERVISORS OF THE COUNTY OF ALBANY, Respondents.

A written stipulation by the parties to refer a cause to a referee "*to hear and report thereon,*" is sufficient to confer jurisdiction and sustain the judgment, although the referee may *not have been sworn*, or a *rule of court entered* upon his appointment. The court will order a rule entered *nunc pro tunc*, if necessary. (*This appears to overrule the decision in Litchfield agt. Bennett, 5 How. Pr. R.* 341.)

Where the parties appear and argue the cause before the referee, without objection, it is a waiver of such defects.

*Albany General Term, December* 1851—HARRIS, PARKER and WATSON, *Justices.* This was an appeal from an order of Justice Wright at the Albany special term, held in May 1850.

The cause was referred by a written stipulation of the parties in January 1850, to a referee, "to hear and report thereon."

The referee on the hearing decided that the complaint did not state facts sufficient to constitute a cause of action, and reported that nothing was due the plaintiff. Judgment was entered by defendants on the report.

The plaintiff moved to set aside the judgment for irregularity, on the ground that the referee *had not been sworn* in the cause, and on the ground that *no rule of court* had been entered upon the stipulation appointing the referee.

The motion was denied, and the plaintiff appealed.

C. PEPPER, *for Appellant.*

AUSTIN & McMAHON, *for Respondents.*

By the Court, HARRIS, Justice.—The only question in this case is whether the defects specified are sufficient to warrant us in setting aside the judgment. These defects, such as they were, were waived by the plaintiff appearing before the referee and arguing the cause without any objection. Besides, we think, the stipulation by its terms was sufficient to confer jurisdiction upon the referee, and we should feel bound, even now, to order

a rule of reference to be entered upon it *nunc pro tunc.* The decision of the judge below must be affirmed in this and the four other causes depending on the same question, with ten dollars costs.