## NEW YORK COMMON PLEAS.

### WM. HENRY ARNOUX agt. J. SMITH HOMANS.

A defendant having served notice of appeal, the mere service of a notice of argument by the plaintiff, does not preclude him from enforcing payment of the judgment; no stay of proceedings having been given or applied for.

*General Term, July,* 1865.
*Before* DALY, *F. J.,* BRADY *and* CARDOZO, *Judges.*
APPEAL from an order of special term.

DALY, F. J. The plaintiff, by serving a notice of argument after receiving notice of the appeal, did not preclude himself from enforcing the payment of the judgment, for an appeal had been perfected without any stay of proceedings.

There was no waiver of anything. He served a notice of argument, because the appeal was perfected and ready for argument, and proceeded to collect his judgment because the proceedings were not stayed.

The rule that a party who intends to move to set aside proceedings for irregularity, must do so at the earliest opportunity, and waive the right if he takes any subsequent step

in the cause, has no application in the case. (*Thorpe* agt. *Beer*, 2 *Barn. & Ald.* 372 ; *Downes* agt. *Withrington*, 2 *Taunt.* 243 ; *Fox* agt. *Mooney*, 1 *Bos. & Pul.* 250 ; *D'Argent* agt. *Viviant*, 1 *East*, 330 ; *Gales* agt. *Caines*, 3 *Cai.* 167; *Hart* agt. *Small*, 4 *Paige*, 288 ; *Graham's Practice*, 2d ed. 702.)

The plaintiff was, therefore, regular in obtaining the order for the defendant's examination, and could be affected only by an order to stay his proceedings founded upon the filing of a proper undertaking. He might have applied to the court under the 227th section of the Code, for liberty to file an undertaking to stay the proceeding (*Sternhaus* agt. *Schmidt*, 5 *Abb.* 66), but no such application appears to have been made. He asked, it would seem, to dismiss the summary proceedings, and the motion was granted, upon the ground that the plaintiff served a notice of argument after the notice of appeal had been served, which in my opinion, was erroneous.

We can upon the appeal, give the same relief to the defendant that could have been obtained by a motion in the court below, but it should be upon the payment of costs, as the appeal was well taken.

CARDOZO, J. I think section 327 of the Code, furnishes a perfect answer to this appeal. The judge at special term, had the power under that section, to permit the necessary amendment to effect a stay of proceedings (*N. Y. Central Ins. Co.* agt. *Safford*, 10 *How. Pr. R. p.* 344), and the order below must be deemed an exercise of that power ; and as it relates solely to a matter of practice, it rested in the discretion of the court below.

But the undertaking is confessedly inaccurate, in that the words " in case the appeal be dismissed," are omitted from the condition. The defendant should be required to amend the undertaking in that respect, or to substitute another ; and as neither party is entirely free from error, there should not, I think, be allowed any costs on this appeal, unless the defendant should fail to correct the error in the undertaking.

I think the proper order will be that the order appealed from be affirmed, without costs, provided the defendant

within five days from the service of a copy of the order to be entered on the decision of this appeal, cause the undertaking to be amended in the respect above mentioned, or substitute another in its place ; and if he fail to do so, then that the order appealed from be reversed, with $10 costs.

Ordered accordingly.