Nason agt. Luddington.

## N. Y. COMMON PLEAS.

EMILIE NASON agt. BENJAMIN L. LUDDINGTON.

*Referee's oath — in what manner may be waived — Code of Civil Procedure, section 1016.*

The failure of a referee to be sworn; in pursuance of the provisions of section 1016 of the Code of Civil Procedure, is a *mere irregularity* and not a *jurisdictional defect* and may be *waived by implication* (*Affirming, S, C.,* 55 *How.,* 342).

*General Term, November,* 1878.

*Before* DALY, *Ch. J., and* VAN HOESEN, *J.*

*Theodore Arnold,* for plaintiff.

*Geo. W. Lord,* for defendant.

VAN HOESEN, *J.* — The Revised Statutes (2 *R. S.,* 384, *sec.* 44) provided that before a referee should proceed to hear any testimony in the cause he should be sworn faithfully and fully to hear and examine the cause, and to make a just and true report according to the best of his understanding. That provision of the Revised Statutes is, in substance, re-enacted by section 1016 of the Code of Civil Procedure. It was, on several occasions, construed by the supreme court and its meaning was generally understood by the profession. In *Whalen* agt. *Board of Supervisors* (6 *How. Pr.,* 278), where a motion was made to set aside a report for irregularity on the ground that the referee had not been sworn in the cause, and on the further ground that no order of reference had been entered, the court (consisting of justices HARRIS, AMASA J. PARKER and WATSON) decided, that by appearing before the

referee and proceeding without objection the plaintiff waived the irregularities. Afterwards, in *Keator* agt. *Ulster and Delaware Plankroad Company* (7 *How. Pr.*, 41), judge HARRIS held that, notwithstanding section 270 of the Code only provided that causes might be referred upon the *written consent* of parties, it was competent for them to agree orally in open court to a reference, and he reiterated his opinion that parties waived the right to require the oath of a referee if they proceeded before him without objection (*See, also, Ludington* agt. *Taft*, 10 *Barb.*, 447). Upon authority, therefore, it is settled that by the former law it was possible for the defendant in this case to waive, by implication, his right to object to the referee's report; and an implied waiver of the oath is still possible unless the last three sentences of section 1016, which are new, have introduced a rule heretofore unknown to the courts. Those sentences provide that where all the parties whose interests may be affected are of age and are present, they may expressly waive the swearing of the referee, either by written stipulation or by an oral consent entered by the referee in his minutes. It is contended by the counsel for the appellant that the effect of the new provision is to do away with the old rule that a waiver of the oath may be implied from proceeding before the referee without a demand that he be sworn. It is settled that the omission of the referee to take the oath is an irregularity and nothing more. The referee derives his power from the order of the court, and may adjourn the cause, or do many other official acts, without being sworn. It is for the purpose of impressing him with a sense of responsibility in performing the judicial duty of taking the testimony and deciding upon it that the law requires the referee to be sworn. It would seem that if no witness be called, and no documentary evidence be offered, the referee need not take the oath. He might, unsworn, dismiss a complaint as fatally defective in substance, or order judgment upon the pleadings. As he has, to some extent, the powers of a jury, and as the evil he might do is

irremediable, the law seeks to protect litigants by requiring
the referee to act under the solemnity of an oath whenever
deciding questions of fact; but as any erroneous legal conclu-
sions which he may announce are easily corrected by the
court, where the facts are not in dispute but appear upon the
pleadings, there is no occasion for his being sworn when he
decides nothing but questions of law. 'If the taking of the
oath were essential to the jurisdiction of the referee of course
there could be no implied waiver of that ceremony. But, as
has already been said, the failure of the referee to be sworn
is a mere irregularity and not a jurisdictional defect. The
primary object of the new provisions appears to be to protect
infants and absentees. Where there are infant parties, or where
there is a party not personally present nor represented by
counsel, the oath of the referee, where testimony is to be
taken, cannot be dispensed with. There can be no waiver by
one who is incapable of giving consent, or by one who is not
represented and who knows nothing of the irregularity. But
where a party is of full age and present in person or repre-
sented by counsel, what reason is there why he or his legal
adviser should not ask the referee to be sworn? What prin-
ciple of ethics or of law requires that a defendant and his
counsel, after participating day after day in a long-contested
trial without troubling themselves to inquire whether the
referee has been sworn, should be permitted, when they ascer-
tain that the report is against them, to spring an objection
that the required oath has not been taken? Ought a party
thus to be allowed to speculate on the chances of a decision
in his favor? This is the result to which we must be brought
if the argument of the appellant be sound. Nay, more. If
the appellant be correct in his construction of section 1016
we should be compelled to set aside a referee's report where
the oath had not been expressly waived by a written stipula-
tion, or by an oral consent entered on the referee's minutes,
even though it should be conclusively proved that the referee
had stated to the parties, at the beginning of the trial, that he

Nason agt. Luddington.

would be sworn if either party desired it, and that neither party had taken notice of the referee's offer. It is argued that the words of the new Code are explicit and peremptory. The oath may be *expressly* waived says section 1016. The adverb *expressly* adds nothing to the meaning or to the strength of the language. It is the merest tautology. A written or an oral stipulation that the oath be waived is necessarily an *express* waiver of the oath. If the codifier had contented himself with saying that the oath might be waived by a written consent, or by an oral consent entered in the minutes and had left out the word "expressly," wherein would the meaning of section 1016 be different from what it now is? The word *expressly* adds to the turgidity, not to the meaning, of the language. Section 1016 means, as I understand it, that an express consent to a waiver of the oath must be evidenced by a written stipulation, or by an oral stipulation entered in the minutes. In other words, it is simply making a special application of the general rule that agreements between attorneys as to the proceedings in an action should be evidenced by a writing. But the rule requiring agreements between attorneys to be in writing never encroached upon the law of waiver. It is one of the maxims of the law that the *acquiescence of a party who might take advantage of an error obviates its effect.* The law of waiver has kept its place side by side with the rule requiring stipulations to be in writing, and there is no inconsistency in maintaining both. Section 266 of the Code of Procedure was, except in the use of the word "expressly," almost the same in phraseology as section 1016 of the Code of Civil Procedure. Section 266 provided that a trial by jury could be waived by written consent filed with the clerk, or by oral consent in open court entered in the minutes. If the section had read "*expressly waived*" the meaning would not have been at all changed. Notwithstanding the mode in which the waiver should be evidenced was thus pointed out the court of appeals decided, in *Greason* agt. *Keteltas* (17 *N. Y.,* 498),

Nason agt. Luddington.

that a trial by jury would be waived if a party, without object-
ing, proceeded to a trial of the action by the court. In
*McKeon* agt. *See* (51 *N. Y.*, 300) it was held that a jury trial
would be waived by a party placing his demand for it upon a
ground that was untenable. These decisions, which construe
a statute almost identical in language with section 1016, seem
to me to be controlling as to the construction of that section,
and they leave no doubt that there may still be a waiver, by
implication, of the referee's oath.

There are special reasons why the law of waiver should be
applied to this case. The appellant says, in his affidavit, that
"it never occurred to me that the referee had not been sworn
until at *or about* the time the report was made." The appel-
lant is himself a lawyer and was represented by counsel of
acknowledged ability. He does not say that he did not know
that an oath ought to have been taken by the referee for,
undoubtedly, he was well aware of the requirements of the
law. At what time "it occurred to him" that the referee
had not been sworn he does not clearly state. How long a
period is embraced in the expansive term *about* it is impossi-
ble to conjecture, but it certainly is possible that whilst the
cause was *sub judice* he was canvassing the prospect of setting
the report aside if it proved to be unfavorable. Moreover,
after the report was made instead of moving promptly to set
it aside he took a number of steps toward an appeal from the
judgment. The rule is, that if after notice of an irregularity
the attorney takes any step in the cause not looking to its
correction the court will not interfere to correct the irregu-
larity if merely technical (*Hart* agt. *Small*, 4 *Paige*, 288).

The order appealed from should be affirmed, with costs
and disbursements for printing.

DALY, Ch. J., concurred.