PATRICK J. FLANNERY, Respondent, *v.* ASLAN SAHAGIAN, Appellant.

As soon as arbitrators, appointed under the Code of Civil Procedure (§ 2365) have made and delivered their award they become *functus officio;* they have no power thereafter to re-judge the case and alter the award; and this, although it was not acknowledged or proved as required by said Code (§ 2372).

An award made by arbitrators without having taken the oath prescribed by the Code (§ 2369) before the hearing of any testimony, unless this was waived by the parties, is invalid.

*It seems*, that to establish a waiver of such oath the written consent of the parties to the submission, or their attorneys, is requisite.

*Cutter* v. *Cutter* (16 J. & S. 470), distinguished.

(Argued May 4, 1892; decided May 31, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 19, 1890, which affirmed a judgment in favor of plaintiff entered at Special Term upon an award made by arbitrators, and also from an order of the General Term, made March 8, 1890, which affirmed an order of Special Term denying a motion to vacate the award.

The nature of the proceedings and the facts, so far as material, are stated in the opinion.

*Joseph F. Daly* for appellant.

*F. X. Donoghue* for respondent.

HAIGHT, J. On the 28th of December, 1889, the plaintiff and defendant entered in an agreement in writing, pursuant to the provisions of the Code of Civil Procedure, to submit their claims and differences with respect to the amount due on a building contract to arbitration.

The affidavit of the respondent is to the effect that on the 30th day of December, 1889, he met the arbitrators at the defendant's building in his presence, and that he and the defendant were both questioned by the arbitrators about the matters in dispute between them; that they then asked him to produce the plans and specifications according to which he was to erect the building for the defendant, and also the certificate given him by George Raynor, the architect in charge of the erection; that after hearing what he and the defendant had to say, and after examining the papers, the arbitrators declared to the defendant that they should award to the plaintiff the full amount claimed by him. Thereupon the defendant stated that he had a paper which they must swear to, but did not inform them of the nature of such paper; that some one or more of the arbitrators made the reply that they would swear to their award, and that they did not think it necessary to swear to anything else; that the defendant then tore up the paper which he had requested them to swear to. It further appeared that on the same day the arbitrators executed and served upon the defendant a paper, of which the following is a copy:

"YONKERS, N. Y., *December* 30, 1889.

"We, the undersigned, Messrs. E. K. Baldwin, James W. Pendergast, F. Durand and J. C. Campbell, Jr., being selected by Messrs. P. J. Flannery and A. Sahagian as a

board of arbitrators, do report as follows : We find according to the plans, specifications and certificates issued by the architect that Mr. P. J. Flannery is entitled to his final payment.

"E. K. BALDWIN.
"JAMES W. PENDERGAST.
"FREDERICK DURAND.
"J. C. CAMPBELL, JR.

"Sworn to before me this 30th day of \
      December, 1889.        /   .

         "ALBRO A. HUBBARD,
            "*Notary Public*, Yonkers, N. Y."

It also appeared that the same arbitrators executed another paper in form and award, bearing date the 30th day of December, 1889, but acknowledged before Hubbard as notary public on the 2d day of January, 1890, the material portions of which are as follows : " Now, therefore, know ye that we the arbitrators mentioned in the said submission, having heard the proofs and allegations of the respective parties, and examined the matters in controversy by them submitted herein, do, therefore, make this award in writing, that is to say, the said Patrick J. Flannery is entitled to recover of the said Aslan Sahagian the final payment due him on his contract, and as certified to by George Rayner, the architect, and that such payment amounts to one thousand three hundred eleven and forty hundredths dollars and interest thereon for seven months, amounting to $38.64, making a total of $1,350.04."

Judgment was upon the motion of the respondent, entered upon the last award and the appellant's motion to vacate the first award was denied.

There appears to be little if any controversy as to the power of the arbitrators. As soon as they have made and delivered their award, they became *functus officio*, and their power is at an end. After having once fully exercised their judgment upon the facts submitted to them and reached a conclusion which they have incorporated into their award, they are not at liberty at another and subsequent time to exercise a fresh judgment on the case and alter their award.

(*Fallon* v. *Kelehar*, 16 Hun, 266; Morse on Arbitration and Award, 226; 1 American and English Encyclopædia of Law, 689, and authorities there cited; *Mordue* v. *Palmer*, L. R. [6 Ch. App.] 22; *Bedwell* v. *Wood*, L. R. [2 Q. B. Div.] 626; *Irvine* v. *Elnon*, 8 East, 54; *Henfree* v. *Bromley*, 6 id. 309.)

It is claimed first that there was but one award; that the first paper was a mere informal draft expressing the conclusions of the arbitrators, but not intended for delivery as an award, and second, assuming that it was delivered as an award in which no amount was stated, the same was certain and final and contained all the requisites of a proper award; that it contained facts from which the amount could be made certain.

As to the first contention, the two papers speak for themselves; they both purport to be awards made by the arbitrators. True, the first paper does not state the amount that the defendant is to pay the plaintiff in dollars and cents, but it does state that the plaintiff is entitled to receive his "final payment." This doubtless means the last or final payment provided for in the building contract and reference would have to be made to that instrument to determine the amount. It is also true that it was not acknowledged or proved in like manner as to entitle a deed to be recorded, as required by section 2372 of the Code. In these particulars it is defective, but there can be no doubt that it was executed and delivered by the arbitrators as their award and that at the time they intended it as such.

As to the second contention, we may concede all that is there claimed for the award, excepting the defects already referred to, and yet we are unable to recognize the distinction which the respondent attempts to make between his case and that of *Fallon* v. *Kelehar* (16 Hun, 266). It is said that the second award was made on the same day. It is dated on the thirtieth day of December, but it was not acknowledged until the second day of January, after which it was delivered. It determines the amount of the final payment due upon the contract to be $1,311.40, and in addition thereto, awards to the plaintiff the interest on that amount for seven months,

amounting to $38.64, making a total of $1,350.04, for which amount judgment was entered. By the second paper they increase the amount of the award in the sum of $38.64. They thus exercise a new judgment upon the facts and change the amount of the award. This was in excess of their powers and brings their second award within the condemnation of the cases to which we have referred.

As we have seen, the arbitrators were not sworn faithfully and fairly to hear and examine the matters in controversy, and make a just award according to the best of their understanding. Section 2369 of the Code provides that this oath must be taken before the hearing of any testimony by the arbitrators. It is said that the oath was waived by the appellant, but it does not appear how, unless it was by his tearing up the paper which he had handed the arbitrators to swear to after they had refused to do so. The contents of the paper are not given, but we think the inference to be drawn from the reply made by the arbitrators is that it was the oath which they were required to take as such and that they understood its contents. We are aware that it has often been held, under the Revised Statutes, that where the parties have appeared before arbitrators and have entered upon the trial of their case, sworn and examined witnesses, and waited until an award or a report has been served, without calling the arbitrators' attention to the fact that an oath is required, they will be deemed to have waived it, but in this case no such facts appear. On the thirtieth of December, the plaintiff and the arbitrators went to the defendant's building. Whether he had previous notice of their coming does not appear. The arbitrators questioned him and the plaintiff about the matters in dispute. The plaintiff handed them the plans and specifications upon which the building was to be erected and the certificate of the architect, and thereupon, without swearing a witness or asking if they had any witnesses that they would like to have examined, the arbitrator Pendergast, as the defendant expresses it, read to the arbitrators the certificate of the architect, and then said that "there is nothing for us to arbitrate,"

and the other three arbitrators agreed with him. It was at this point, as we understand, that the defendant presented his paper and asked for the oath of the arbitrators. We do not think that these facts would constitute a waiver of the oath under the Revised Statutes. The proceedings were all quite informal. Defendant was not attended by his counsel, and it is quite evident that he was beaten before he was aware that his trial had begun.

But again, section 2369 of the Code provides that " before hearing any testimony, arbitrators, selected either as prescribed in this title or otherwise, must be sworn, * * * unless the oath is waived by the written consent of the parties to the submission of their attorneys."

It is not claimed that there was any written consent to waive the oath. The latter clause of the section is new, and was enacted in 1880. The provisions of this section are very similar to those of section 1016 of the Code, which makes provision for the oath to be taken by the referee, and provides that " The waiver may be made by written stipulation or orally. If it is oral, it must be entered in the referee's minutes." In construing this section, the question has arisen as to whether an oral waiver can be shown otherwise than by the entry in the referee's minutes. Upon this question the courts below appear to be in some conflict.

In the case of *Nason* v. *Ludington* (56 How. Pr. 172), it was held that it could, whilst in the case of *Browning* v. *Marvin* (5 Abb. [N. C.] 285), and in the *Matter of the Accounting of Vilmar* (10 Daly, 15), a different conclusion is reached. (See also note to *Nason* v. *Ludington*, *supra*.)

It appears to us that the clause referred to in section 2369 of the Code was intended to provide a rule of evidence from which the question of waiver may be determined. The evidence required to establish such waiver is the written consent of the parties or their attorneys. This requirement is not harsh or unjust. Parties, who wish to submit their controversies to arbitration under the provisions of the Code, will find it no more difficult to comply with the provisions of this

section than that of any other section. We regard the added provision as wise and beneficial. It will tend to relieve the courts and suitors of the numerous motions which were formerly made to set aside reports by reason of irregularities similar to the one under consideration. Under the former practice, the question as to whether there was or was not a waiver was usually controverted, and had to be determined upon affidavits read upon the motion. This is now disposed of by the provision of the Code, which requires such waiver to be established by the written consent of the parties or their attorneys.

Our attention has been called to the case of *Cutter* v. *Cutter* (16 J. & S. 470–474), in which ARNOUX, J., reached the conclusion that this provision of the Code has added nothing to the Revised Statutes, and consequently the rule in reference to the waiver of the oath has not been changed. In that case the proceedings were held regular under the common law, and that the provision of the Code had not taken away the right of a common-law arbitration, whilst in this case the arbitration was under the Code, and a judgment has been entered upon the award. We, therefore, think this case distinguishable.

Nothing herein stated is intended as a construction of section 1016 of the Code, for since the cases referred to herein, section 721, subdivision 12 has been amended in reference to the oath of referees. (*Jenkins* v. *City of Hudson*, 8 Civ. Pro. Rep. 70–75.)

It follows that the judgment and orders should be reversed and the motion to vacate the award granted, with costs.

All concur, except BRADLEY, J., who dissents as to vacating the award.

Judgment reversed and award vacated.