ROBERT HERBST, Respondent, v. LIONEL HAGENAERS, Appellant.

Where an award made on submission of a controversy to arbitrators under Code of Civil Procedure (§ 2366) does not appear upon its face to be definite and final, and does not contain the data or means of working out a definite and final determination of the whole controversy submitted, it must be set aside (§ 2374).

Upon the making and delivery of such an award the arbitrators become *functus officio*, and have no power to perfect it by executing a supplemental award.

Upon dissolution of a partnership, the partners submitted to arbitrators the question as to " what their respective interests in said copartnership " were, " and also what compensation, if any, either party is entitled to in consequence of the dissolution." The arbitrators made and delivered an award deciding that one of the copartners was entitled to receive the assets, and all books and papers of the firm, and continue the business, to pay all the liabilities, and give the other a formal release, and pay to him a sum named, and also, in addition thereto, the amount " which may be due to him " on the firm books at a date specified. After the delivery of this award, the arbitrators reconvened, and made what was termed " a supplementary award," stating the amount so due upon the books. *Held*, that the award was properly vacated ; that the supple-

mental award was made without authority, and so void, and the original award was not final or definite.
Reported below, 62 Hun, 568.

(Argued February 3, 1893; decided February 28, 1893.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made January 12, 1892, which reversed an order of Special Term confirming an award of arbitrators, and the judgment in favor of plaintiff entered thereon, and vacated the award.

The facts, so far as material, are stated in the opinion.

*W. A. Poste* for appellant. The award of the arbitrators was definite, final and certain. (*Curtis* v. *Gokey*, 68 N. Y. 300; *Ludlow* v. *Grozart*, 3 Johns. Cas. 534; *Ott* v. *Schroeppel*, 5 N. Y. 482; *Jackson* v. *Ambler*, 14 Johns. 96; *Rogers* v. *Tatum*, 25 N. J. L. 281; *Wilson* v. *Brown*, 82 Penn. St. 437; 2 Pars. on Cont. 694; Russell on Arb. 297; *Perkins* v. *Giles*, 50 N. Y. 228; *Akely* v. *Akely*, 16 id. 450.) It does not lie in the mouth of Herbst to object to the award on account of the reference to the books of the firm as a standard of determination of certain questions in the case, nor to assert that the award is not definite and final. (*Karthaus* v. *Yllas*, 1 Pet. 222; *Thompson* v. *Simpson*, 128 N. Y. 270; *Conrow* v. *Little*, 115 id. 387; *Gould* v. *Banks*, 8 Wend. 562; *Everett* v. *Saltus*, 15 id. 474; *Holbrook* v. *White*, 24 id. 169; *R. Co.* v. *McCarthy*, 96 U. S. 258, 267; *Duffy* v. *O'Donovan*, 46 N. Y. 223.) But even if it should be considered that there is not sufficient definiteness in that part of the decision of the arbitrators which gives to Hagenaers the amount appearing to be due to him on the 18th of April, 1891, on the books of the firm, as part of the award to him, such technical defect does not vitiate the entire award, but the allowance to him of $6,336, must stand. (*Jackson* v. *Ambler*, 14 Johns. 96; *Parmalee* v. *Allen*, 32 Conn. 115; *Day* v. *Hooper*, 51 Me. 178; Pars. on Cont. 698; *Cox* v. *Jagger*, 2 Cow. 638; *Brown* v. *Hankerson*, 3 id. 10; *Martins* v. *Williams*, 13 Johns. 264; *McCormick* v. *Gray*, 13 How. [U. S.] 26.) The

arbitrators did not exceed their powers. (*Bagley* v. *Smith*, 10 N. Y. 489; *Dart* v. *Laimbeer*, 107 id. 664.) The award was not excessive. (*Fudicar* v. *Ins. Co.*, 62 N. Y. 392; *Hoffman* v. *DeGraff*, 109 id. 638; *Masury* v. *Whiton*, 111 id. 679.)

*William A. Cohen* for respondent. The award is not certain, final and conclusive, and for this reason was necessarily set aside. (*Waite* v. *Barry*, 12 Wend. 377; *Jones* v. *Wilwood*, 71 N. Y. 208; *Flannery* v. *Sahagian*, 31 N. E. Rep. 319.) The award cannot stand, even assuming the supplementary one had not been made, because the arbitrators exceeded their powers in attempting to decide matters which were not submitted to them. (*Dodds* v. *Hokes*, 114 N. Y. 27.) The award was also vitiated and should be set aside on account of the refusal of the arbitrators to hear pertinent and material evidence, duly offered. (*Halstead* v. *Seaman*, 82 N. Y. 27; *Fudickar* v. *G. M. Ins. Co.*, 62 id. 392; *Van Cortlandt* v. *Underhill*, 17 Johns. 405.) The award should have been set aside on account of the refusal to allow stenographic reports of meetings to be taken. (*Everson* v. *Powers*, 89 N. Y. 527; *William* v. *Craig*, 1 Dall. 313.) The award is void on account of closing the case without notice. (*Doddington* v. *Hudson*, 1 Bing. 384.) Aside from any other consideration and even were the supplemental award valid, the entire award is so excessive as to be manifestly partial and fraudulent in law. (*Van Cortlandt* v. *Underhill*, 17 Johns. 405; *Toppan* v. *Heath*, 1 Paige, 293, 294; *Rand* v. *Redington*, 13 N. H. 72, 76; *Perkins* v. *Giles*, 50 N. Y. 228; *Garvey* v. *Carey*, 7 Robt. 286; Morse on Arb. & Award, 200; Sedg. on Dam. 601.)

O'Brien, J. This appeal brings here for review an order of the General Term vacating an order made by arbitrators, in favor of the appellant, and reversing an order of the Special Term which confirmed the award.

It appears that the parties entered into a partnership agreement on April 16, 1888, which was to terminate June 30, 1893.

The business of the firm was that of foreign commission merchants. The appellant's share or interest in the business was fixed by the partnership agreement at a salary of $2,000 per year, from the date of the agreement to June 30, 1890, and for each succeeding year the same sum, with an increase of $500 over each preceding year. The respondent was to receive a compensation of $6,000 per year. The profit or loss resulting from the business was to be divided as follows: The appellant was to receive two and one-half per cent for the first year, and for the remaining years of the term five per cent per annum until he should contribute to the capital of the firm, and then an additional two per cent for each $10,000 contributed up to a sum equal to the capital invested by the respondent. In the month of April, 1891, on account of differences and disagreements between the partners the partnership was practically dissolved, and on that day they entered into an agreement to submit their respective rights and interests to arbitration under the provisions of § 2366 of the Code. The precise question which they submitted to the decision of the arbitrators was "what their respective interests in said copartnership of Herbst Brothers are, and also what compensation, if any, either party is entitled to, in consequence of the dissolution of the partnership." The firm name mentioned in the submission was the same one under which the business was formerly conducted, and which was assumed by the partners in the agreement above mentioned. On the 29th of April, 1891, the arbitrators made and delivered an award in which it was decided that the respondent should pay all the liabilities of the firm and to give appellant a formal release, that he was entitled to collect the debts and receive the assets of the firm and continue the business and receive all the books and papers of the firm. Then the award provides that the respondent pay to the appellant $6,336, "which does not include the amount due Mr. Lionel Hagenaers on the books of the firm on April 18, 1891, and which latter amount is also to be settled as above referred to." In another and preceding part

of the paper it was provided that the amount which may be due appellant under date of April 18, 1891, "irrespective of the amount of this award herein below stated is to be paid to him in excess of the amount of the award. This said amount in excess of the award, and also including the amount of the award, both of which amounts are to be paid to Mr. Lionel Hagenaers in cash within ten days from this date."

About ten days after the delivery of this award the arbitrators reconvened and made what is called in the case a supplemental award in which the amount due to the appellant upon the books of the firm was stated and this paper was before the court in the subsequent proceedings to confirm, and it was practically incorporated with the first award and made the basis of the judgment. It is unnecessary to make further reference to any action of the arbitrators subsequent to the delivery of the first paper because by that act they became *functus officio* and without any power to alter or modify the award or do any other act under the submission. (*Flannery* v. *Sahagian*, 134 N. Y. 85.)

The motion to vacate and to confirm the award was made at the same time with the result already mentioned.

When any of the reasons specified in § 2374 of the Code are made to appear to the court upon the motion to confirm or vacate, the court must vacate the award. In this case all the grounds for vacating enumerated in the section were alleged against the award. The court below properly overruled all of them except the grounds specified in the 4th subdivision of the section. The General Term has held that the arbitrators have so far failed to execute their powers that their award is neither final nor definite. The motion of the respondent to vacate and that of the appellant to confirm, applied to both awards as they are called, and both were confirmed. The judgment is based upon both and the last one was clearly void. (*Flannery* v. *Sahagian*, *supra ; Doke* v. *James*, 4 N. Y. 568 ; *Fallon* v. *Kelehar*, 16 Hun, 266.)

The order of the Special Term could not have been sustained in any view that can be taken of the case. The only question

is whether the first award should have been permitted to stand. The object of the parties in submitting the controversy to the decision of arbitrators was to have determined the question as to how much money the appellant should be paid. Certainly nothing less than a definite and final declaration of the rights of each party as against the other was intended. The award in question does not answer these requirements. It left matters properly embraced in the submission open for future contention and hence it was not final as something was still left to be done in order to accomplish the result which the parties had in view. It was not definite for whereas the question submitted was clearly capable of determination by directing the payment of a fixed sum of money the award does not do that. True, it names an amount to which the appellant is entitled, but it also provides that he is entitled, in addition to another sum not named or fixed, but to be ascertained from the books of the firm. The judgment to be entered on this award cannot possibly without some other proceeding, be any more definite than the award itself and thus would not definitely or finally determine the rights and interests of the parties. The award contemplated some further action by some one in order to ascertain what further sum, if any, was due to appellant upon the firm books. These books and all the firm papers were awarded to the respondent, and unless he volunteered to produce them, and with the appellant ascertain and adjust the balance, it is difficult to see how further legal proceedings could be avoided. The arbitrators probably supposed that the parties would do so. But in view of the nature of the controversy and the failure of the parties to agree in the first instance, it is not easy to see how they could be expected to do any better after the award was made. If it was but a mere matter of computation from books or documents equally accessible to both parties or in the possession of the court, it is possible that the award might be held sufficient. But for aught we know the books might be made, under the principles of the award, to show a balance against the appellant, which might operate

to diminish the fixed sum awarded, in which view of the case it can scarcely be said that any definite sum of money is given to the appellant by the award. The learned counsel for the appellant insists that the award is good for the sum of money stated therein, rejecting the other matters. It has been held that where part of an award which is void, is not so connected with the rest as to affect the justice of the case, the award is void only *pro tanto*. (*Jackson* v. *Ambler*, 14 John. 96; *Cox* v. *Jagger*, 2 Cow. 638; *Martin* v. *Williams*, 13 John. 264.)

This principle has been most frequently applied to a case where arbitrators after fully, finally and definitely passing upon all matters embraced in the submission, also include in the award some matter not submitted. (*Doke* v. *James*, *supra*.)

In this case all matters embraced in the award were duly submitted to the arbitrators. There was jurisdiction and the only difficulty is that the powers conferred were imperfectly executed. We cannot say under the circumstances of this case that the several provisions of the award are not so related to or dependent upon each other that they can be separated and the indefinite provision rejected. Moreover this award leaves undetermined a part of the controversy submitted, and if the respondent would be obliged to answer to that again in some other forum the purpose of the submission would be defeated, so far as he is concerned, by holding him to what is definite and leaving open what is not. Both parties were entitled under the submission to a mutual, definite and final award. It cannot be shown that they have got it without the aid of the artificial reasoning and refined distinctions involved in the maxim, that whatever can be made certain is to be deemed certain, and then, the most that can be said is that the award contains principles, which when applied to the case, a definite result may be produced. This argument, however, assumes the necessity of some further proceeding and hence involves the admission that the award in its present form is not final. When an award does not appear upon its face to be definite and final and does not in itself contain the data or means of

working out a definite and final determination of the whole controversy submitted, the powers conferred upon the arbitrators have not been fully executed and the provisions of the present Code are imperative that it must be set aside. ( *Waite* v. *Barry*, 12 Wend. 377 · *Jones* v. *Welwood*, 71 N. Y. 208; *Dodds* v. *Hakes*, 114 id. 260; Code, § 2374, sub. 4.)

The award in this case does not, we think, satisfy the requirements of the law and was, therefore, properly vacated.

The order appealed from should be affirmed with costs.

All concur.

Order affirmed.