FREDERICK W. SHRUMP, Respondent, *v.* WALTER E. PARFITT, Appellant.

*Award of arbitrators — not interfered with by the courts except for fraud — when it may be rejected in part.*

Where arbitrators keep within their jurisdiction, their award is unassailable unless for corruption, fraud or like misconduct, and will not be set aside for errors of law or fact upon their part.

Where the award of arbitrators is severable, that which is improper may be rejected, allowing the balance which is proper to stand.

APPEAL by the defendant, Walter E. Parfitt, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 19th day of September, 1894, upon the award of arbitrators, and also from an order of the Supreme Court, made at the Kings County Special Term and entered in said clerk's office on the 20th day of August, 1894, confirming the arbitrators' award and denying the defendant's motion to vacate the same.

*Herman F. Koepke,* for the appellant.

*Horatio C. King,* for the respondent.

Order affirmed, with costs, on opinion of GAYNOR, J.

Present — BROWN, P. J., DYKMAN and PRATT, JJ.

The opinion of the Special Term was as follows :

GAYNOR, J. :

The defendant objects to the award upon the ground that the arbitrators exceeded their powers.

If they did not exceed their powers, in other words, if they kept within their jurisdiction, their award is unassailable, unless for corruption, fraud or like misconduct, and will not be set aside for errors of law or of fact on their part. (*Fudickar* v. *Insurance Company*, 62 N. Y. 392 ; *Masury* v. *Whiton*, 111 id. 679 ; *Herbst* v. *Hagenaers*, 137 id. 290 ; Code Civ. Proc. § 2374.)

After rejecting the stones the defendant mutilated them by knocking off the corner or a piece of the molding of each with a hammer. In his capacity of architect he had the power, and it was his duty to reject stones unfit and not in accordance with the contract. It was submitted to the arbitrators by the arbitration agreement to determine (1) the number of stones rejected and injured with the hammer as above stated ; (2) the value of each stone *after rejection* and before the injury ; (3) the damage done by reason of the said acts.

The arbitrators have precisely determined these three things by their findings, numbered 12, 13, 16, which correspond in so many words to the propositions submitted. If they had made no other finding, ingenuity could suggest no objection to their award, within the narrow limits allowable. They have specifically found in addition, and unnecessarily, that the defendant had no right to arbitrarily reject stones, that he did not reject any by marking them with a pencil, that he did not notify the plaintiff of the rejection of the stones before breaking or mutilating them, that he arbitrarily mutilated them, and, substantially, that those he so mutilated were fit, and, therefore (by implication), arbitrarily rejected.

I do not see, and cannot say, that these findings necessarily affected the result. They were irrevelant, and, so long as the award was within the jurisdiction of the arbitrators, are not to be regarded. The contention for the defendant is that the mere rejection of the stones, whether they were fit or unfit, made them useless except to be broken up for rubble, for which use their value would be only thirty-four dollars and fifty cents, as is found ; and that as the chipping off of the corners or moldings could not affect their value for this use, the defendant did them no damage.

The reason, it is said, why rejection would make them nearly valueless, is that as they were fashioned for this particular church tower they could be used for nothing else except rubble, as it is altogether improbable that any tower exactly like it will ever be built.

The arbitrators, as we have seen, were made the judges of what the stones were worth after rejection and before being mutilated; and as it is plain that in determining such value, as they did in so many words, it mattered not whether they were rejected arbitrarily or in good faith, the finding that they were rejected arbitrarily, and the similar findings, are of no consequence.

The rejection is what affected their value by destroying their use, and not the good or bad faith with which they were rejected.

Hence it cannot be assumed that the arbitrators found that they were worth more after being rejected arbitrarily than if they had been rejected in good faith.

Some of the stones broken by the defendant were already laid, and by finding 15 it is determined that the plaintiff was damaged $100, the cost of relaying other stones in their place. I do not see how this comes within the submission; but as it is severable, it may be rejected, letting the rest stand. (137 N. Y. 296, *supra*.) The basis which the arbitrators had to take by the submission — for so it is therein set down — was that the stones were rejected before they were mutilated; and the only measure of damage allowed to them was the injury to the stone after rejection.

The basis for the finding of $100 damage was that the stones were fit, and should not have been rejected, and their rejection damaged the plaintiff to the extent of the cost of relaying other stones in their place. In the same way it may be urged that the finding that all of the stones were fit, affected the award of the arbitrators. But, as has been seen, it cannot be certainly said, if at all, that it affected their determination of the value of the stones after rejection and before being mutilated. That determination of value included the laid stones which were mutilated, and all, and was well made, and it was as far as they could go. But leaving aside what has been said above, it would be sufficient to say that if the language of the award enabled the court to say that the arbitrators considered the arbitrary rejection of the stones as increasing their value after rejection over what it would be if they had been properly

rejected (a thing too absurd to be attributed to them, the stones being intrinsically of the same value in either case), it was after all only an error of law on their part, and, as has been seen, the court may not regard it.

The award is also objected to on the ground that it is not definite and final, but no reason or particular therefor is assigned. The award is confirmed to the extent of $1,317.93.