(44 Misc Rep. 555.)

HEIDLINGER v. ONWARD CONST. CO.

(Supreme Court, Trial Term, Kings County. August, 1904.)

1. BUILDING CONTRACT—CERTIFICATE OF ARCHITECT NECESSARY.

Where a building contract provides that the architect shall determine questions arising during the performance of the contract, and that payment shall be made on his certificate, and that his determination shall be binding, such determination is a condition precedent to the right of either party to recover under the contract, and is binding, in the absence of fraud or mistake.

2. SAME—CONCLUSIVENESS.

Where, under the terms of a building contract, the architect was to render certificates on which payments were to be made, in the absence of proof of fraud or palpable mistake apparent on the face of his award, neither party can show that he decided wrongly on the law or the facts.

3. SAME—JURISDICTION OF COURT.

Where an architect has not passed upon a matter left to his determination under a building contract, it will not be passed upon by the courts, where there is no proof of fraud or unreasonableness on his part.

4. SAME—HEARING BY ARCHITECT.

An architect made arbitrator under a building contract, in determining whether it has been completed, is not obliged to take testimony of witnesses.

5. SAME—CONSTRUCTION OF CERTIFICATE.

Where an architect, as arbitrator under a building contract, certifies that the contract had been completed, and that the contractor was entitled to a certain payment, subject to certain deductions for work omitted, and also as to the amount of damages for the delay caused in the original contract, the first and third parts of the certificate being sufficient and conclusive upon the parties, and the second one being insufficient, in that no certain amount is found in it, the award is not invalid—the second conclusion not affecting the justice of the case—but is void only pro tanto.

6. ARBITRATION—DEMAND.

A provision in a building contract for arbitration is not a defense to an action thereon, where no demand for arbitration was made until the trial.

Action by George H. Heidlinger against the Onward Construction Company. Judgment for plaintiff.

Field & Chittenden, for plaintiff.

Cowing, White & Wait, Hastings & Gleason, and Fisher & Fisher (Ernest Hall, of counsel), for defendant.

HERRICK, J. This case turns upon the sufficiency and effect of an architect's certificate, and the circumstances under which it was given. "It is now too well settled in this state to be questioned that where the parties have selected an arbitrator, who is to determine the questions that arise during the performance of the contract, and upon whose certificate the payments are to be made, and it is provided in the contract that the determination of such arbitrator is to be binding upon them, his determination is a condition precedent to the right of either party to recover under the contract, and that, in the absence of fraud or

¶ 1. See Contracts, vol. 11, Cent. Dig. §§ 1308, 1316.

palpable mistake, his certificate is final." Del Genovese v. Third Ave. R. R. Co., 13 App. Div. 412, 43 N. Y. Supp. 8. "A valid award or estimate operates as a final and conclusive judgment, and, however disappointing it may be, the parties must abide by it. * * * It is well settled that while an award may be set aside for a palpable mistake of fact in the nature of a clerical error, such as a miscalculation of figures, still, in general, such mistake, to be available, must appear on the face of the award, or in some paper delivered with it. * * * In the absence of proof of corruption, bad faith, or misconduct on his part, or palpable mistake appearing on the face of the estimate, neither party can be allowed to prove that he decided wrong as to the law or facts." Sweet v. Morrison, 116 N. Y. 19, 22 N. E. 276, 15 Am. St. Rep. 376. "The award of an arbitrator cannot be set aside for mere error of judgment as to the law or facts of the case submitted to him. If, in making his award, he keeps it within his jurisdiction, and is not guilty of fraud, corruption, or other misconduct affecting his award, then his award is unassailable." Masury v. Whiton, 111 N. Y. 679, 18 N. E. 638. "The conclusiveness of awards is based upon the principle that, the parties having chosen judges of their own, and agreed to abide by their decision, they are bound by their agreement, and compelled to perform the award." Matter of Wilkins, 169 N. Y. 494–499, 62 N. E. 575–577.

By the provisions of the contract in this case, the architect of the defendant was made the arbitrator between the parties, subject to an appeal to three arbitrators in the manner provided for in the contract. The contract here provides for the giving of a final certificate by the architect. It provides that no alteration shall be made in the work called for by the contract and specifications, except by the written order of the owner, and when so made the value of the work added or omitted shall be computed by the architect, and added to or deducted from the contract price. There is also a provision in the contract that the owner shall pay any damage to the contractor caused by the owner delaying the material progress of the work, and that the contractor shall pay any damage that the owner shall suffer because of any delay to the material progress of the work caused by the contractor, and that the amount of such damage suffered by either party shall in every case be fixed and determined by the architect. There are also provisions as to the appointment of arbitrators when either party is dissatisfied with the determination of the architect upon any of these matters.

As to the determination of the architect of the value of added or omitted work which shall be added to or deducted from the contract price, the value of such work necessarily has to be passed upon separately, and a separate certificate of determination is proper, although not perhaps necessary. In the event of a separate certificate being made, then another would be made of the balance due upon the contract as such, and the amount of the one added to or deducted from the other. Or there may be a determination and certificate of the balance due upon the contract, which shall in fact include the value of the work added to or omitted from the contract price, although not separately stated as such in the determination and certificate. So, also, as to the damages caused by the delay either of the contractor or of the owner, it is obvious that there may be a separate determination and certificate

as to each of them, or there may be a certificate of determination which simply sets forth the balance due to either on account of such damages. A certificate upon any one of these subjects upon which the architect is empowered to pass is final, unless appealed from to arbitrators as provided for in the contract. If there has been no determination made or certificate given upon or for any matter left to his determination, then as to such matters the parties should be precluded from litigating them here. They have by their conduct agreed upon the court to pass upon such matters, and, unless it has unreasonably or corruptly passed upon or refused to pass upon them, they are not excused for the non-production of its certificate of determination. If there has been no determination made or certificate given upon any matter left to the determination of the court agreed upon, then, unless that lack of determination or furnishing of a certificate thereof is attributable to the unreasonableness or fraud of such court, such matter should not be passed upon here.

In this case the certificate of the architect embodied a determination of three things, all of which he was empowered to determine by the contract: First. The fact that the contract was completed. Second. The amount due upon the contract; not determining or certifying, however, the value of added or omitted work caused by alterations to the contract. Third. The damages suffered by the plaintiff because of delays caused by the defendant. The schedule of damages affixed to the certificate shows that this was made up entirely and exclusively of the plaintiff's damages, no deduction being made therefrom of damages suffered by the defendant caused by the plaintiff's action.

The defendant seeks to impeach the validity of this certificate in all particulars, because, as he says, he was not heard upon these questions, and the architect passed upon them without considering his claims; that he had a large number of men at work, going through the building, making an examination of the work done, and that they had not completed that examination at the time the architect gave his certificate. While not necessary, it is perhaps well to consider briefly the justice of these complaints.

The contract requires that payment shall be made 30 days after the completion of the contract. The specifications, which are made a part of the contract, provide that when the work is completed the contractor shall notify the defendant or its agent that he is ready to receive a settlement, so that, if it has any bills to file or statements to make, it can do so before the architect makes his final certificate. On the 7th of February, 1903, the contractor notified the defendant that it was "ready to receive a settlement, so that you can file any bills or statements which you have to make with the architect at once." This request was repeated in letters dated March 28th, and April 6th, 13th, and 27th. And although the architect certified that the contract was completed February 28th, he did not grant his certificate thereof until May 6th. The defendant apparently expected to make use of the persons who were in its employ, investigating the work and materials that had been done and provided in the building, as witnesses before the architect as to the completion of the contract, and complains that the certificate was given before it had completed its examination. In

reaching a determination as to whether the contract had been completed, it was not the duty of the architect to take the evidence of witnesses. Sweet v. Morrison, 116 N. Y. 19, 30, 31, 22 N. E. 276, 15 Am. St. Rep. 376. His skill and experience as an architect had been relied upon by both parties to the contract to determine whether it had been fully and properly performed. The contract made his decision final as to the quality of any material or labor furnished by the contractor, and also provided that the work under the contract should be done under his direction and to his satisfaction. He was the architect in charge of the work and visited it daily, and knew whether it had been completed according to the contract; and I can see no necessity for the delay from February 7th, when the contractor claimed it had completed it, or from February 28th, when the architect says it completed it, until May 6th, when the architect issued his certificate.

As to the amount due, I can see no reason for delay. The contract prices under the several contracts were set forth in the recapitulation contained in the contract of May 5th. The amount of payments made was readily ascertainable. The only thing remaining was the value of added or omitted work caused by alterations in the contract. For any such alterations there must have been a written order. They were matters of record, and it was the duty of the architect to compute the value. This did not require any assistance from the defendant, or require the labor of a corps of investigators or examiners for weeks and months to ascertain the facts in order that they might be presented to the architect.

The character of the investigations which were being made by the defendant, and which it complains it had not time to complete before the certificate was given, should perhaps be adverted to. The letters and oral evidence of Mr. Stokes, the real defendant in this case, who was the treasurer and manager of the defendant, shows that he was making a very minute examination of the work done and the materials supplied by the Vinton Company, but not as to the work added or omitted because of alterations made in the contract, or of the damage caused by delay.

As to the character of the work done and the materials furnished, I have already discussed the question as to who was to determine that, and how; also the question of additional or omitted work.

As to the claim of the Vinton Company for damages for delay, as provided for in the contract, neither the oral testimony of Mr. Stokes, nor the documentary evidence in the case, shows that he was making any effort to investigate that matter and prepare a statement in that respect. The contractor had filed an itemized claim for damages with the architect in February, 1903. The defendant had undoubtedly seen it and taken legal advice upon it, and apparently determined to disregard the authority of the architect to pass upon that question.

A flood of light is thrown upon the position of the defendant, and upon its investigations and efforts to ascertain the amount of its claim by the letter of Mr. Stokes to Mr. Duboy, the architect, May 5th, being the day before the architect gave his certificate. That letter, among other things, shows that the architect had been furnished by the contractor with its estimate of what allowances the defendant was en-

titled to, and that from that the architect and his assistant made calculations, which the architect then had. The letter also shows that the defendant, instead of intending to rely upon the determination of the architect, or make any claim before him as to the amount of damages, if any, that the contractor was entitled to because of delays, had already taken legal advice as to its liability, and had been advised that no damages could be recovered.

To sum it all up, the defendant seems to have been investigating only those matters which were peculiarly within the knowledge of its architect, and as to which his decision was final, and upon which he was necessarily passing judgment from day to day as the work progressed; and of the question that did not require expert knowledge to pass upon—that of damages for delay—he was making no investigation, no claim; relying, not upon the agreed arbitrator, but upon legal advice that nothing could be recovered from it in that behalf. It seems to me, therefore, that the complaint of the defendant that it had not time to prepare its case for the architect, and that it was not heard by him, is unfounded and unreasonable. The architect represented the defendant, and was its agent, and had knowledge of all the facts as to which the defendant claims it desired to inform him. I think that the delay both of the defendant and the architect was unreasonable.

As to the certificate itself, its sufficiency is challenged by the defendant. The certificate of the architect was to three things, each one capable of being separated from the other; and, as before stated, each of those things were matters upon which he was authorized by the contract to pass. First, he certifies to the fact that the contract was completed February 28, 1903; second, that the "Vinton Company is entitled to the final payment, amounting to $20,422.17, subject to such deduction for allowances for work omitted at the rates as provided for in the contract, still to be submitted by the owner, as may be approved by me as architect"; third, as to the amount of damages for the delay caused by the owner, as provided for in the original contract. Where an award or certificate is several, and a part of it is void, if that part is not so connected with the rest as to affect the justice of the case, the award is void only pro tanto. Herbst v. Hagenaers, 137 N. Y. 290, 33 N. E. 315.

The first and third parts of the certificate, as above divided, are, I think, sufficient certificates, and are conclusive and binding upon the parties to the contract. The second may be insufficient; that is, no certain amount is found in it. It leaves something for future determination. "An award must be certain, or it is void." Fallon v. Kelehar, 16 Hun, 266.

Assuming that the certificate as to the amount due upon the completion of the contract is insufficient, the plaintiff is not precluded from recovering the balance due upon the contract because he does not produce a proper and sufficient certificate of the architect: First. Because he has produced the only one he could—the only one the architect would give the contractor—and the plaintiff cannot be precluded by the improper or faulty act of the architect. It is a certificate of the balance due upon the contracts as such, but without a certificate or computation of the deduction therefrom to which the defendant was entitled for

omitted work. It is a certificate of the Vinton Company's claim under the contracts, and the amount due upon such contracts. Second. Because the defendant's failure to submit his claim to the architect caused the defect in it. Third. Because the defendant's discharge of the architect prevents his further acting for and between the contracting parties, and granting a proper certificate.

The contract being completed, it followed that the contractor was entitled to the contract price. Any deduction for omitted work was in the nature of an offset or counterclaim to be deducted from the contract price. The amount of it was to be determined by the architect. As we have before seen, that determination might be made separately, and evidenced by a written certificate as to the amount, or it might be embodied in the certificate of the balance due the contractor, although not separately stated in such certificate. If it was anything coming to the contractor, it was his business to procure the certificate or determination. If it was coming to the owner, it was his business to produce the certificate or determination. The defendant has failed to produce such certificate as to the amount due him for omitted work, and, not having such certificate or determination of the architect of the amount due him, he cannot deduct it from the contract price. The requirement of a certificate of the architect is binding upon both parties to establish their claims. The failure of the plaintiff, if it is a failure, to produce one to establish his claim, was excusable, because of the reasons heretofore stated, and therefore his recovery is not precluded for lack of a sufficient certificate. The default of the defendant to produce a certificate is because of his own conduct and neglect, and not excusable.

The claim that the matter should be submitted to arbitrators was not made until during the trial of the action, and in the absence of any demand or request being made for, or steps taken to secure, arbitrators by the defendant under the contract, the provisions in the contract for arbitration constitute no defense to the action. Smith v. Alker, 102 N. Y. 87, 5 N. E. 791.

From these views, it follows that the plaintiff is entitled to recover as directed in the decision filed herewith.

Judgment for plaintiff.