OPINION OF THE COURT
Herman Cahn, J.
Defendants move pursuant to CPLR 3211 (subd [a], par 7) for an order dismissing the complaint as against defendant Mutual Marine Office, Inc. (MMO) on the ground that it fails to state a cause of action as against said defendant and to dismiss plaintiff’s claims for punitive damages and its claim for prejudgment interest at the prime rate, on the same ground.
This is an action for damages arising out of the alleged failure of defendant Arkwright-Boston Manufacturers Mutual Insurance Company (Arkwright), an insurance carrier to pay three claims submitted by plaintiff under a policy of marine insurance covering loss in connection with sales and shipments of bananas and other fruit.
Plaintiff is a New Jersey corporation engaged in the sale and shipment of bananas and other fruits. Arkwright wrote said policy of insurance for plaintiff on October 28, 1980, the effective date of the policy being September 4, 1980. In connection with the policy, plaintiff alleges in its complaint MMO acted as Arkwright’s agent. On all three causes of action relief is sought against both defendants jointly and severally. Besides Arkwright, there were other insurance underwriters, who underwrote various percent *508 ages of the losses covered under policy in question. All of these underwriters have made payments of their pro rata share and there is no claim made against them.
Defendants move to dismiss the claim for prejudgment interest at the prime rate, citing CPLR 5004 which states: “Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute.” Defendant contends that plaintiff, having chosen a State court forum, and not having invoked Federal admiralty or maritime jurisdiction is bound, by the substantive law of New York. Defendants argue that in Federal actions based on marine insurance policies (even where Federal jurisdiction is grounded in diversity of citizenship), the Federal court, in effect sitting as a State court, is bound to apply the substantive law of the forum (Rock Transp. Props. Corp. v Hartford Fire Ins. Co., 312 F Supp 341). However, where as here, a case involves a marine insurance policy, State law governs unless there is a well-settled Federal admiralty rule applicable to the particular issues of the case. (Navegacion Goya v Mutual Boiler & Mach. Ins. Co., 411 F Supp 929.)
Cases arising out of the alleged breach of a marine insurance policy have been held to be within the admiralty and maritime jurisdiction (US Code, tit 28, § 1333; see International Sea Food v M/V Campeche, 566 F2d 482). It is well established that marine insurance is a maritime contract within the jurisdiction of an admiralty court. (Insurance Co. v Dunham, 11 Wall [78 US] 1.)
Although State courts have concurrent jurisdiction over such cases, the rate of prejudgment interest in a maritime case is governed by Federal maritime law — not by CPLR 5004. “It is well settled that by force of the Constitution itself, when a common law action is brought, whether in a state or in a federal court, to enforce a cause of action cognizable in admiralty, the substantive law to be applied is the same as would be applied in an admiralty court — that is, the general maritime law, as developed and declared, in the last analysis, by the Supreme Court of the United States, or as modified from time to time by Act of Congress.” (Moore-McCormack Lines v Amirault, 202 F2d 893, 896-897.) Although plaintiff has elected to pro *509 ceed in State court, the within action could have been brought in Federal court, under the court’s maritime jurisdiction. “[I]n maritime actions the rate of prejudgment interest is governed by maritime rather than state law. Kotsopoulos v. Asturia Shipping Co., 467 F.2d 91 (2d Cir. 1972).” (Matter of A/S Siljestad v Hideca Trading, 541 F Supp 58, 62.)
The determination of what its rate of prejudgment interest shall be, under Federal maritime law, lies within the sole discretion of the trial court. (Matter of A/S Siljestad v Hideca Trading, supra, p 62.) Therefore, the branch of the motion seeking to dismiss the claim for prejudgment interest at the prime rate is denied.