**OZARK AIR LINES, INC., and Thomas J. Korte, Administrator of the Ozark Air Lines, Inc., Pilots' Retirement Plan, Plaintiffs,**

**v.**

**NATIONAL MEDIATION BOARD, and the Air Line Pilots Association, International, and Arthur J. Schenk, Jr., Defendants.**

**No. 85–316C(B).**

United States District Court, E.D. Missouri.

July 30, 1985.

Donald J. Meyer, St. Louis, Mo., for plaintiffs.

Charles A. Werner, St. Louis, Mo., Gary Green and Sarah P. Fleischer, Air Line Pilots Ass'n Int'l., Janet Hudson, U.S. Dept. of Justice, Civil Div., Washington, D.C., and Henry Fredericks, Asst. U.S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

REGAN, District Judge.

The basic issue in this case is whether the Ozark Air Lines Retirement Board has the authority to reconsider (and thus, vacate and reverse) a final decision of the Board unanimously denying disability retirement benefits to a pilot.

Plaintiff Ozark Air Lines, Inc. (Ozark) provides retirement benefits (e.g. disability and early) to pilots under Ozark's Pilot's Retirement Plan (Plan). Plaintiff Thomas J. Korte (Korte) is the administrator of the Plan. Defendant Air Line Pilots' Association International (ALPA) is a labor organization which represents air line pilots employed by Ozark, including defendant Arthur J. Schenk, Jr. (Schenk) who was formerly employed by Ozark, but who is presently receiving early retirement benefits from the Plan, the amount of which is less than the disability benefits he seeks.

Schenk's claim for disability benefits due to an alleged back injury[1] was submitted to the Board, and, as stated supra, denied. The Board had theretofore been created by Ozark and ALPA in a Letter of Agreement pursuant to the provisions of the Railway Labor Act, 45 U.S.C. § 184, for the purpose of hearing and determining all disputes, inter alia, concerning the interpretation of the Plan and the benefits of participants in the Plan. The Board consists of four members, two selected by Ozark and two selected by ALPA.

The unanimous decision of the Board denying disability benefits to Schenk was rendered on July 6, 1984. The Letter of Agreement provides in Section 1.6 that all decisions of the Board, within the scope of its own powers, "shall be *final and binding* upon (Ozark, ALPA,) and any other persons having an interest under the Plan." A month later, ALPA filed a motion with the Board for reconsideration of the July 6, 1984 decision. Prior to submission of the motion, one of ALPA Board members (who had signed the decision) resigned (for reasons not appearing of record) and was re-placed, following which the Board deadlocked on whether to consider the motion for reconsideration or to take any other action relating thereto.

Purportedly acting pursuant to Section 1.7 of the Letter of Agreement, the ALPA member of the Board then requested the National Mediation Board (NMB) to appoint a neutral referee to hear the matter.

Section 1.7 of the Letter of Agreement provides as follows:

> In the event the members fail to agree on any matter before the Board, they may appoint an impartial chairman who shall cast the deciding vote in the matter. If, after thirty (30) days, the Board fails to agree upon the selection of an impartial chairman, the National Mediation Board shall be requested to select the impartial chairman, who shall cast the deciding vote on the matter whose vote shall be final and binding notwithstanding any other provisions herein to the contrary. The compensation and expenses, if any, of the impartial chairman shall be shared equally by the Company and the Association.

Over the objections of Ozark that no dispute to which Section 1.7 applied was pending before the Board, the NMB nominated Sylvester Garrett on December 17, 1984 to sit with the Board "to resolve the following dispute: Disability Application of Arthur H. Schenk, Jr."

By this action Ozark seeks to obtain a rescission of the NMB appointment of a neutral referee, to enjoin ALPA and Schenk from further pursuing Schenk's application for disability benefits before the Board, and to be granted other relief ancillary thereto. ALPA and Schenk counterclaimed, seeking an order to compel Ozark to submit to arbitration on the issue whether ALPA's Motion for Reconsideration to the Retirement Board should be granted.

With the matter in this posture, NMB moved to dismiss the complaint on the ground the Court lacks subject matter jurisdiction, Ozark moved for summary judg-

---

1. Schenk had theretofore been denied disability benefits due to a head injury.

ment in its favor and ALPA and Schenk filed their cross-motion for summary judgment. These motions are now for determination.

As noted supra, the dispositive issue is whether the rendition of a "final and binding" decision exhausts the jurisdiction of the Board to further consider or reconsider the matter. We hold that it does. There is no provision in the Letter of Agreement or in the Railway Labor Act which makes an otherwise "final and binding" decision less than final and binding on the Board. In 45 U.S.C. § 153 First (m), which provides that awards shall be final and binding upon both parties to the dispute, it is further provided that "(i)n case a dispute arises involving *an interpretation of the award,* the division of the Board upon request of either party shall *interpret the award* in the light of the dispute. Here, however, there is no dispute involving an interpretation of the *award.* Both parties interpret it in the same way. There is no contention that the award is in need of clarification. The only dispute concerns the claim of ALPA that the "final and binding" decision is wrong and should be reconsidered and reversed. In our judgment, the Board lacks the authority to make such a determination.

As noted supra, there is no provision in the Railway labor Act which permits the National Railroad Adjustment Board to *reconsider* (as distinguished from interpreting) a final decision of the Board. And 45 U.S.C. § 184, which mandates the creation of similar boards of arbitration in the airline industry, specifically provides that the jurisdiction of such boards may not exceed the jurisdiction which may be exercised by railroad boards under the authority of 45 U.S.C. § 153.

We are in accord with the statement of Judge MacLaughlin in *Air Line Pilots Association v. Northwest Airlines, Inc.,* 498 F.Supp. 613, 618 (D.C.Minn.1980):

"For if an award is to be final, then the statute must be interpreted to mean not only that a court cannot redetermine the merits for the parties, but also that the arbitrator himself cannot redetermine the merits." This principle is in accord with the common law of arbitration known as *functus officio,* namely, that "(t)he authority and jurisdiction of arbitrators are entirely terminated by the completion and delivery of an award." 498 F.Supp. at 618.

And see *Local P–9, United Food v. George A. Hormel & Co.,* 599 F.Supp. 319, 331–322 (D.C.Minn.1984) noting that "(b)y prohibiting the arbitrator from re-examining the merits of an award, the doctrine of *functus officio* furthers the strong federal policy of finality in labor arbitration." See also *A/S Siljestad v. Hideca Trading, Inc.,* 541 F.Supp. 58, 61 (D.C.N.Y.1981), citing *Air Line Pilots Association,* supra: "It is undisputed that, after a final decision by an arbitrator, the arbitrator becomes *functus officio* and lacks the power to reconsider or amend the decision." "*The rationale underlying this rule is to prevent re-examination of an issue by a nonjudicial officer potentially subject to outside communication and unilateral influence.*" *A/S Siljestad* citing *La Vale Plaza, Inc. v. R.S. Noonan, Inc.,* 378 F.2d 569, 572 (3 Cir.1967).

The initial question is whether there was (or is) "a matter before the Board" within the meaning of Section 1.7 of the Letter of Agreement. Obviously, the NMB has no authority to appoint "an impartial chairman" (or neutral referee) unless there is a pending matter before the Board which it has authority to decide.

By way of background: Applications for disability benefits pursuant to the provisions of the Plan are initially submitted to the Administrator of the Plan for decision.[2] In the event of an adverse determination, an appeal to the Board for review of the decision is authorized. It is *this* dispute as to the merits of the claim which is the "matter before the Board." Once *that* matter is agreed upon by a majority of the

---

**2.** Unfortunately, neither party has submitted a copy of the Plan (or even the relevant portions thereof, in particular Section 14.4 of the Plan, the procedural requirements of which must be exhausted before the Board's jurisdiction attaches).

Board, it is "final and binding." The jurisdiction of the Board having been exhausted, there is no longer any matter before the Board relating to the claim. Absent a pending "matter before the Board", there is and can be no deadlock which would permit the NMB to name an impartial chairman.

Although by its motion to dismiss, the NMB argues that Mr. Garrett was appointed for the sole purpose of resolving the "dispute" as to whether the Letter of Agreement authorizes the Board to "reconsider" its final and binding decision, this is belied by the terms of his appointment, which, as noted was "to resolve the following dispute: Disability application of Arthur A. Schenk, Jr." On NMB's present theory, if all that Mr. Garrett was to decide was whether reconsideration is permissible, he could not determine the merits of the disability application for the obvious reason that there is not and could not be a deadlock on the merits of the "reconsidered" application until *after* it was reconsidered, so that his appointment would be premature.

We hold that inasmuch as no matter was before the Board, the NMB's appointment of Mr. Garrett was unauthorized. The motion of NMB to dismiss is, accordingly, overruled. And inasmuch as the Board has rendered a decision on the merits which is final and binding and not subject to reconsideration by the Board, the motion of ALPA and Schenk for summary judgment should be and it is HEREBY OVERRULED.

This leaves for consideration only the motion of Ozark for summary judgment. Although Ozark characterizes its action as one seeking to "enforce" the decision of the Board denying Schenk's application for disability retirement, we find no basis in the pleadings or otherwise which justifies the grant of such relief. In essence, what is sought is the rescission of the appointment of Mr. Garrett as neutral referee and an injunction prohibiting Schenk and ALPA from further pursuing before the Board Schenk's application for disability benefits. Under the undisputed and admitted facts, Ozark is entitled to such a judgment.

Judgment will be entered in accordance herewith.

## JUDGMENT

The Court having this day entered its Memorandum and Order sustaining plaintiff's motion for summary judgment as set forth in our Order,

NOW THEREFORE, in accordance therewith and for the reasons therein stated, IT IS HEREBY ORDERED and ADJUDGED

1. The appointment of Sylvester Garrett as impartial chairman or neutral referee, heretofore made by the National Mediation Board, to sit with the Ozark Air Lines Retirement Board or otherwise act on or in connection with the application of Arthur J. Schenk, Jr. for disability retirement benefits is hereby rescinded and vacated, and said National Mediation Board is hereby enjoined and restrained from appointing any other impartial chairman or neutral referee for said purpose; and

2. Arthur J. Schenk, Jr. and the Air Lines Pilots Association are hereby restrained and enjoined from further pursuing before the Ozark Air Line Retirement Board the application of said Arthur J. Schenk, Jr. for disability benefits.