**W. Thomas CHAPMAN, et al., Plaintiffs,**

v.

**ARTHUR MURRAY INTERNATIONAL, INC., et al., Defendants.**

No. 82–2345–Civ.

United States District Court, S.D. Florida.

April 23, 1986.

Richard S. Banick, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, Fla., Harold Brown, Boston, Mass., for plaintiffs.

Marc P. Seidler, Rudnick & Wolfe, Northbook, Ill., H. Lawrence Hardy, Adkins & Hardy, Coral Gables, Fla., for defendants.

Order GRANTING Defendants' Motion To Confirm Amended Award Of Arbitrators and DENYING Plaintiffs' Motion To Vacate Amended Award Of Arbitrators Dated January 7, 1986

ATKINS, District Judge.

This cause is before the court on the above stated motions. The court has reviewed the pleadings in this matter and heard oral argument on the issues raised in the pleadings. It is

ORDERED AND ADJUDGED that the defendants' Motion To Confirm is GRANTED and the plaintiffs' Motion To Vacate is DENIED.

On November 3, 1982 plaintiffs filed this action against Arthur Murray International (AMI) and six of its present and former officers, directors and shareholders alleging a near 20 year pattern of fraudulent conduct on the part of defendants. Plain-

tiffs sought recovery of damages alleged to be in excess of $15 million under theories of common law fraud, violation of state and federal RICO statutes, breach of contract, promissory estoppel, and violation of the Florida "Little FTC Act." Thereafter, plaintiffs filed an amended complaint seeking recovery on the same legal theories.

Defendants filed a motion to dismiss the amended complaint for failure of the federal RICO counts to state a claim upon which relief can be granted and to dismiss the remaining counts, all under state law, for want of pendent jurisdiction. Alternatively, defendants moved pursuant to Section 3 of the United States Arbitration Act (9 U.S.C. § 3), for the court to stay the proceedings pending arbitration of plaintiffs' claims pursuant to the arbitration of the franchise agreements between the parties. On September 14, 1983, this court entered its order denying defendants' motion to dismiss but granting their motion to stay proceedings pending arbitration.

On October 13, 1983 plaintiffs filed their notice of appeal from this court's order granting the motion to stay proceedings pending the arbitration. Thereafter, the parties stipulated and agreed that all of the individual defendants would join as parties in final and binding arbitration and this court would have jurisdiction to enter judgment on any award of the arbitrators. On November 16, 1983, by the stipulation of the parties, plaintiffs' appeal was dismissed with prejudice.

On March 20, 1984 plaintiffs filed their demand for arbitration, incorporating their amended complaint. The parties proceeded to appoint arbitrators, and a neutral arbitrator was appointed by the American Arbitration Association. The hearings were conducted before the panel of three arbitrators on October 22 through October 26, 1984 and December 4 and 5, 1984. On April 16, 1985 the arbitrators made their award denying the claims but making no award of costs and expenses of arbitration to either party.

On May 3, 1985 defendants filed with the American Arbitration Association their request that the arbitrators modify the award by including therein an award of attorneys' fees and costs and expenses of arbitration to them as the prevailing parties in the arbitration in accordance with the arbitration provision in the franchise agreements pursuant to which the claims were submitted to arbitration.

On September 23, 1985 this court entered its order granting defendants' motion confirming the award of the arbitrators denying plaintiffs' claim and remanding to arbitrators for further action on defendants' motion to award them their attorneys' fees and costs and expenses of arbitration pursuant to the agreement of the parties. On or about January 7, 1986 the arbitrators filed with the American Arbitration Association an amended award of arbitrators confirming their prior award of April 16, 1985 denying plaintiffs' claims and, in addition, assessing against plaintiffs costs and expenses of arbitration in the amount of $128,738.52. Arbitrator Robert S. Geiger, the arbitrator appointed by plaintiffs, dissented from the award of costs and expenses.

■ Plaintiffs argue that after the arbitrators made their award in April 1985 denying plaintiffs' claims and stating that the award "is in full settlement of all claims submitted to this arbitration," they were without jurisdiction to hear the matter of costs and expenses mandated by the franchise agreements. This argument was made by the plaintiffs in opposing defendants' original motion to remand and in support of plaintiffs' motion to confirm the original award. The cases cited by plaintiffs do contain the dictum that "when arbitrators have executed their awards and declared their decision they are *functus officio* and have no power to proceed further." However, in *LaVale Plaza, Inc. v. R.S. Noonan, Inc.*, 378 F.2d 569 (3rd Cir.1967), the court held that notwithstanding the rule referred to above:

> Where the award, although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is enti-

tled to clarify. The resolution of such an ambiguity is not in the policy which forbids an arbitrator to re-determine an issue which he has already decided, for there is no opportunity for re-determination on the merits of what has already been decided. Instead, the clarification of an ambiguity closely resembles the correction of a mistake apparent on the face of the award and the determination of an issue which the arbitrators had failed to decide.

378 F.2d at 573.

Here, it was clear from the face of the initial award that the arbitrators had not awarded costs and expenses of arbitration contemplated by the franchise agreements and it was reasonably likely that the matter had not been considered.

In *A/S Siljestad v. Hideca Trading, Inc.*, 541 F.Supp. 58 (S.D.N.Y.1981), the arbitrators had failed to make an award of interest in their initial award. Realizing their oversight, the arbitrators issued an amendment awarding interest. The court held that the *functus officio* rule is to prevent re-examination of an issue by a non-judicial officer potentially subject to outside communication and unilateral influence, but "where the award does not adjudicate an issue which has been submitted, then as to such issue the arbitrator has not exhausted his function and it remains open to him for subsequent determination." 541 F.Supp. at 61.

Finally, in *Airline Pilots Ass'n v. Northwest Airlines, Inc.*, 498 F.Supp. 613 (D.Minn.1980), the court held that where an arbitrator sent to the parties a draft award which he subsequently altered, the subsequent alteration did not violate the rule that an arbitrator may not re-determine an award because the draft award was not a final one. Plaintiffs' cases simply do not support a finding that the arbitrators here, who were not asked to reconsider the issues which they determined in their original award (all of which related to defendants' liabilities on plaintiffs' fraud claims), were barred from considering the question of costs and expenses on remand.

Plaintiffs argue that the award issued by the arbitrators on April 16, 1985 was a final award because the award stated: "This award is in full settlement of all claims submitted to this arbitration." Plaintiffs further argue that the submission to arbitration did not contemplate an award of attorneys' fees. They concede that the former franchise agreement executed by most of the plaintiffs (AMI Form F–77) provided that "the prevailing party in the arbitration shall be awarded ... any and all costs of investigation and proof of facts, arbitrators' fees, and other costs of arbitration, as applicable." Their quarrel here is not whether an award of costs and expenses of arbitration was within the submission to arbitration but, rather, the interpretation to be given the contractual provision as to whether it encompassed attorneys' fees. Plaintiffs also concede that the later forms signed by some of the plaintiffs (AMI Form F–81) specifically directed the arbitrators to award costs and expenses of arbitration, including reasonable attorneys' fees. Here they contend that that provision was not a part of the submission to arbitration because plaintiffs elected not to append that form to their demand for arbitration. Both forms of agreement were in evidence, by stipulation, before the arbitrators. Plaintiffs were free to argue before the arbitrators and did so. Plaintiffs were free to adduce evidence if they believed the contracts to have been ambiguous.

■ The scope of judicial review of arbitration awards is limited. The judicial inquiry "must be strictly confined to the question of whether the reluctant party did agree to arbitrate the grievance or did agree to give the arbitrator the power to make the award he made." *Wallace v. Civil Aeronautics Bd.*, 755 F.2d 861 (11th Cir.1985). In *Wallace*, the court stated the following concerning the nature of judicial review of an arbitration award with respect to the question of actions in excess of authority:

As a general rule, an arbitrator's award should not be set aside for exceeding the scope of his decision making power 'un-

less it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'

755 F.2d at 865.

This court does not agree with plaintiffs' contention that the majority of arbitrators have misread the franchise agreement in inferring from the directive to award the prevailing party "any and all costs of investigation and proof of facts, arbitrators' fees, and other costs of arbitration," an entitlement to attorneys' fees incurred in defense of the arbitration.

Accordingly, defendants' Motion To Confirm Amended Award is GRANTED pursuant to 9 U.S.C. § 9. Judgment is entered in favor of the defendants in the sum of $128,738.52 plus interest, costs and attorneys' fees incurred in confirmation proceedings.