**MIDDLE EAST ENGINEERING & DEVELOPMENT CO., LTD., Plaintiff,**

v.

**ARKWRIGHT–BOSTON MANUFACTURERS MUTUAL INSURANCE COMPANY; Republic Insurance Company; Midland Insurance Company; the Reinsurance Corporation of New York; Pennsylvania Lumbermens Mutual Insurance Company; Ranger Insurance Company; the Lumbermens Mutual Insurance Company; Northeastern Insurance Company of Hartford; and Alexander & Alexander of New York, Inc., Defendants.**

No. 86 Civ. 834 (MGC).

United States District Court, S.D. New York.

Dec. 21, 1987.

Waesche, Sheinbaum & O'Regan, P.C., New York City, for plaintiff; by John R. Foster, Nicholas P. Giuliano.

Thacher Proffitt & Wood, New York City, for the Insurance Co. defendants, all defendants except Alexander & Alexander; by John M. Woods, Sheldon A. Vogel, Aidan P. O'Connor.

## MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

In this diversity action on a marine warrisk insurance policy, the jury found for plaintiff Middle East Engineering & Development Company (MEEDCO) and against the insurance company defendants. The parties had stipulated to the amount of the loss, and the jury decided only the issue of liability. The jury was not asked to consider whether prejudgment interest should be awarded. The insurance company defendants now object to the proposed judgment submitted by MEEDCO, which provides for prejudgment interest at the New York statutory rate of nine percent, New York Civil Practice Law and Rules (CPLR) §§ 5001, 5004. Defendants contend that federal and not state law should govern the application of prejudgment interest in this case, and that no prejudgment interest should be awarded.

## BACKGROUND

MEEDCO's amended complaint grounded jurisdiction solely on diversity of citizenship, pursuant to 28 U.S.C. § 1332. Indeed, MEEDCO amended its original complaint to remove any reference to Fed.R. Civ.P. 9(h) and this court's admiralty jurisdiction under 28 U.S.C. § 1333. MEEDCO set forth in the Joint Pre–Trial Order its legal position that prejudgment interest should be awarded pursuant to state law, CPLR §§ 5001, 5004, under which interest would be added automatically to the jury verdict. The insurance company defendants made no objection to prejudgment interest in the Joint Pre–Trial Order. Neither party requested that the issue be presented to the jury, or objected when it was not.

The insurance company defendants initially took the position that under federal law prejudgment interest should be awarded at a rate of 6.41%. Only subsequently, in a letter to the Court dated eight days after the jury brought in its verdict, did they contend that no prejudgment interest should be awarded at all. They reiterated that contention when the Court asked both parties to address the applicability of *Newburgh Land & Dock Co. v. Texas Co.*, 227 F.2d 732 (2d Cir.1955) to this question.

## I. WHAT LAW GOVERNS

MEEDCO's action against the insurance companies was brought on a marine insurance policy, and therefore falls squarely within admiralty jurisdiction. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 313, 75 S.Ct. 368, 370, 99 L.Ed. 337 (1955). Having chosen to bring the case in diversity, however, MEEDCO had the right under the "saving to suitors" clause of 28 U.S.C. § 1333 to bring this maritime contract action solely at law, and to demand a jury. *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 359–60 & n. 2, 82 S.Ct. 780, 783–84 & n. 2, 7 L.Ed.2d 798 (1962). Because this is an action on a marine insurance policy, the jury applied New York law to determine the insurance issues, as *Wilburn Boat* requires. *See Ingersoll Milling Mach. Co. v. M/V Bodena*, 829 F.2d 293, 305 (2d Cir.1987).

▮ Notwithstanding that jurisdiction is based on diversity and that state law determines the rights of the parties, federal law governs the award of prejudgment interest in any action within admiralty jurisdiction. *Newburgh Land & Dock Co. v. Texas Co.*, 227 F.2d 732, 734–35 (2d Cir.1955) (L. Hand, J.); *Wyatt v. Penrod Drilling Co.*, 735 F.2d 951, 955 (5th Cir.1984); *Robinson v. Pocahontas, Inc.*, 477 F.2d 1048, 1052–53 (1st Cir.1973); *United Brands Co. v. Mutual Marine Office, Inc.*, 117 Misc.2d 507, 458 N.Y.S.2d 504 (Sup.Ct.1983); *see also Columbia Brick Works, Inc. v. Royal Ins. Co. of America*, 768 F.2d 1066, 1070–71 (9th Cir.1985); *M & O Marine, Inc. v. Marquette Co.*, 730 F.2d 133 (3d Cir.1984).

At least two decisions in this District have followed state law in awarding pre-

judgment interest in maritime cases brought in diversity. *See Prudential Lines, Inc. v. National Metal Industries Co., Cairo,* 83 Civ. 6947, slip op. at 6–7 (S.D.N.Y. Nov. 21, 1986) (applying state law under principle that in a diversity action, the rate of interest to be applied is that of the state where the federal court sits); *Flota Mercante Dominicana v. American Mfrs. Mutual Ins. Co.,* 1970 A.M.C. 1678, 1685 (S.D.N.Y.1970) (applying state law under *Wilburn Boat* analysis). Neither of these decisions discussed *Newburgh Land,* however, and therefore I must assume that the parties to those cases overlooked it. The continuing vitality of *Newburgh Land* is confirmed by the fact that all the other Courts of Appeals subsequently to consider the question have reached the same result.

■ Nor can *Newburgh Land* be assailed as inconsistent with *Wilburn Boat,* which was decided the same year and which the *Newburgh Land* decision did not consider, or with the later-decided *Kossick v. United Fruit Co.,* 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961). Under *Wilburn Boat,* state law governs in maritime cases where there is no judicially established federal admiralty rule governing a question, and where none should be fashioned. *Wilburn Boat,* 348 U.S. at 314, 75 S.Ct. at 370. There is a judicially established federal rule governing the award of prejudgment interest in admiralty cases. The rule is that interest should be awarded absent extraordinary circumstances, and that district courts have broad discretion to determine when it should commence and what rate to apply. *Ingersoll Milling,* 829 F.2d at 310–311; *Independent Bulk Transport, Inc. v. Vessel "Morania Abaco",* 676 F.2d 23 (2d

Cir.1982).[1] In *Kossick,* the Supreme Court explained that federal courts apply state law in maritime cases where state law vindicates a state concern that federal admiralty law leaves unaddressed. *See Kossick,* 365 U.S. at 738–40, 81 S.Ct. at 891–93; *see generally* D. Robertson, *Admiralty and Federalism* 194–201 (1970). In the area of prejudgment interest the compensatory purpose of federal law, *see McCrann v. United States Lines, Inc.,* 803 F.2d 771, 773–74 (2d Cir.1986), is identical to that of state law, *see* 5 Weinstein, Korn and Miller, *New York Civil Practice* § 5001.01 (1987). Thus, there is no need to apply state law in order to vindicate the state's concern that plaintiffs be fully compensated for their losses.

## II. WHETHER TO APPLY PREJUDGMENT INTEREST

### A. *The Province of the Jury*

*Newburgh Land* was a negligence action brought in diversity to recover injuries for damage to a floating dock. The jury brought in a verdict of $22,500 for the plaintiff. The jury had not been charged on prejudgment interest, and apparently had not considered the question. The trial judge, following state law, added prejudgment interest to the verdict. The Second Circuit, in an opinion by Judge Learned Hand, first determined that federal and not state law applied, and then went on to hold that no prejudgment interest could be awarded at all:

Had the dispute arisen in an admiralty suit, it would have been possible to remand the decree so that the judge might exercise his discretion; but that is not so here, if it is the jury who have the discre-

[1] Were this instruction to exercise discretion not a "judicially established federal admiralty rule" within the meaning of the *Wilburn Boat* test, then no federal court sitting in any admiralty case could apply it. Rather, the federal court would first have to determine whether a uniform rule should be established. If the answer to that question were no, the court would have to apply the state law of prejudgment interest. If the answer were yes, the court would have to fashion a rule.

*Independent Bulk Transport* and the other cases determining the rate of prejudgment interest to apply in admiralty cases have routinely applied the rule of discretion. This fact forecloses the superficially appealing arguments that an invitation to discretion is not a "rule" under *Wilburn Boat,* or that even if it is one, it is not an *admiralty* rule, but simply reflects the usual practice of the federal courts.

tion, because the plaintiff at no time asked that the question should be left to them. It is the federal law that in actions at law when the award of interest rests in discretion, it is the jury who must exercise it, and it follows that we may not remand the case to the judge, but that we must modify the judgment by striking out the award of interest, and direct judgment to be entered for the amount of the verdict only.

227 F.2d at 735 (footnote omitted).

The reason for the rule that a judge generally may not add prejudgment interest to a jury award of damages is that the jury may already have done so, at least in an informal way.

[N]o one would be so naive as to suppose that juries do not throw into the scales the years that a plaintiff may have had to wait before his case can be heard by a jury. The practical reason why the courts in jury cases have refused to grant moratory interest may therefore be found in the judicial recognition that a jury usually makes some allowance for loss caused by delay.

*Moore–McCormack Lines, Inc. v. Richardson*, 295 F.2d 583, 594 (2d Cir.1961), *cert. denied*, 370 U.S. 937, 82 S.Ct. 1577, 8 L.Ed. 2d 806 (1962) (footnote omitted). In cases where there is no perceived danger of a jury's having already compensated a plaintiff for this delay, federal courts have applied prejudgment interest to jury damage awards. *See Stissi v. Interstate and Ocean Transport Co. of Philadelphia*, 765 F.2d 370, 377 (2d Cir.1985), *aff'g in pertinent part and remanding on other grounds* 590 F.Supp. 1043, 1049 (E.D.N.Y. 1984) (jury was not charged on delay, and district court presumed that jury did not consider it in awarding damages); *Columbia Brick Works, Inc. v. Royal Ins. Co. of America*, 768 F.2d 1066, 1069 (9th Cir.1985) (jury in cargo case was instructed to measure damages based on diminution in market value of damaged cargo as of date of delivery; court presumed jury did not consider delay in awarding damages).

In this case, there is no danger that the plaintiff might already have been compensated by the jury for delay. This jury, unlike the juries in *Stissi* and *Columbia Brick Works*, did not pass at all on the amount of damages to be awarded. Rather, the amount of the loss was stipulated by the parties, and did not include any compensation for delay. Under these circumstances, the fact that the jury determined the liability issue presents no obstacle to my awarding prejudgment interest.

### B. *Failure to Repair*

■ The insurance company defendants also argue that no prejudgment interest should be awarded because MEEDCO apparently never repaired the damaged vessel and has not shown that it sustained any financial loss from the damage done.[2] Prejudgment interest should be awarded in admiralty cases, absent extraordinary circumstances, *Ingersoll Milling*, 829 F.2d at 310, in order to compensate the plaintiff for the loss of the use of money to which it was entitled when its right to a remedy accrued, *see McCrann*, 803 F.2d at 773–74. The only case defendants cite holding that failure to make repairs is an exceptional circumstance justifying denial of prejudgment interest is *O'Donnell Transp. Co. v. City of New York*, 215 F.2d 92 (2d Cir. 1954). *O'Donnell*, however, was a negligence and not a contract action. In this case, the plaintiff is not suing to recover its out-of-pocket expenses for the repair of the boat, but to recover a sum of money to which it was contractually entitled as of a certain date. Prejudgment interest must be awarded to provide the plaintiff with the full and complete recovery to which it is entitled under admiralty law.

### III. CONCLUSION

■ For the foregoing reasons, the objection of the defendant insurance compa-

---

**2.** MEEDCO was not the owner of the boat that was damaged, but was a subsidiary of the owner.

nies to the proposed judgment submitted by MEEDCO is sustained to the extent that prejudgment interest is to be assessed under federal and not state law. Defendants' belated objection to the award of any prejudgment interest is overruled. Prejudgment interest will be calculated based on the average interest rate paid on six-month United States Treasury Bills from January 28, 1985, until the date of the judgment. *See McCrann,* 803 F.2d at 774 (approving award of prejudgment interest in admiralty case based on six-month Treasury bill rates).

SO ORDERED.